JOHN R. PRICE AND MARY E. (his wife), RESPONDENTS, v. DAVIS D. REEVES AND E. J. WILSON, APPELLANTS.

RESULTING TRUST. — Where the lender of money has assigned to him, as collateral security, a note and mortgage for a much larger sum on a third person, and afterwards agrees with the borrowers that at the foreclosure sale of the mortgaged premises he would purchase the property in the name of the borrowers, and would hold the same for their benefit, subject only to a lien for the money loaned, upon faith in which promise the borrowers take no further interest in the sale, but the lender, in his own name, purchases, and for a sum much less than the amount called for in the note, and makes the payment of the purchase by crediting the amount of his bid, less the costs, on the judgment, a trust is thereby created in favor of the borrowers, and equity will decree them a conveyance, if it is in the power of the lender to make a title unencumbered by any acts of his own.

IDEM. — A party who purchases trust property, with a knowledge of the trust, occupies the same position with the original trustee.

ACTION FOR LOSS ARISING FROM A BREACH OF TRUST. — In case the execution of a valid conveyance cannot be decreed, the beneficiaries of the trust are entitled to recover its value from those by whose wrongful acts it was lost.

MEASURE OF DAMAGES. — In such case the value of the property at the time of the commencement of the suit is the measure of damages.

SPECIFIC CONTRACT ACT. — If the beneficiaries of the trust seek to recover by action the value of the property in dispute at the time of suit brought, and not to obtain the amount for which it has been sold, the relief sought is not within the provisions of the Specific Contract Act, and a judgment payable therefor in gold coin will be reversed, unless the plaintiff consents to a modification thereof.

APPEAL from the District Court of the Seventh District, Solano County.

The natural facts of the case, as disclosed by the pleadings and findings, are as follows :

On the 27th day of August, 1863, the respondent, Mary E. Price, was the owner and holder of a promissory note for

$1,200, made by one Thomas J. Johnston, payable to her or her order, and that she held Johnston's mortgage upon the premises in controversy, as security for the payment of said note.

That the respondents, John R. Price and Mary E. Price, "desiring to borrow the sum of $250, applied to the appellant, D. D. Reeves, for the loan thereof, and the said Reeves did, accordingly, on said 27th day of August, 1863, loan to the respondents the said sum of $250, for which sum the respondents executed a promissory note, bearing the signature of each of them, respectively, payable to said Reeves, and at the same time, and solely as security for the payment of said last mentioned note, they, the respondents, deposited with the said Reeves the said promissory note and mortgage of the said Johnston to the said Mary E. Price, duly endorsed and assigned to the said Reeves."

That on the 25th day of January, 1864, the terms and conditions upon which Johnston's note and mortgage were held by Reeves, were reduced to writing and signed by him, and delivered to the respondent. The following is a copy of the memorandum:

SUISUN CITY, January 25th, 1864.

John R. Price and Mary E. Price have deposited with me a certain promissory note for $1,200, made by Thomas J. Johnston, and payable to Mary E. Price six months after date, and dated on the 1st day of November, 1862, said note assigned to me by the said Mary E. Price; also a certain mortgage made by the said Johnston to the said Mary E. Price, to secure the payment of said note, which said note was endorsed by the said Mary E. Price, and the said note and mortgage was deposited with me solely for the purpose of securing the payment of a certain two hundred and fifty dollar note, made by the said John R. Price and the said Mary E. Price, and payable to me six months after date, with two and a half per cent. interest per month, and dated on the 27th day of August, 1863.

D. D. REEVES.

Attest: Co. P. REEVES.

That on the 30th March, 1864, the appellant, Reeves, instituted proceedings in his own name and at his own cost,

to foreclose the mortgage of Johnston, and in due time obtained a decree of foreclosure against the premises in controversy.

That the respondent, John R. Price, did, on the 25th day of June, 1864, request the defendant, Reeves, to bid in the mortgaged premises, mentioned and described in the complaint, for the plaintiff and respondent, Mary E. Price, at the Sheriff's sale, and to hold the Sheriff's certificate of the purchase thereof, together with the other papers then in his hands, as the security for the payment of respondent's note, for two hundred and fifty dollars, interest thereon, and the costs of the said foreclosure proceedings, and that said Reeves promised and agreed to do as requested; and that the said Price, relying on Reeves' promise, and upon his supposed integrity and good faith, did not personally attend the Sheriff's sale.

That at the sale of the premises by the Sheriff under said decree, the appellant, Reeves, became the purchaser for four hundred and fifty dollars, and received the Sheriff's certificate on the 2d of July, 1864, and thereafter he obtained a deed from the Sheriff on the 12th of January, 1865, the time for redemption having expired, and no redemption having been made.

On the 13th of November, 1866, Reeves, for the consideration of $1,500, sold and conveyed the mortgaged premises so acquired by him, to the defendant, Wilson.

That at the time of said sale and conveyance, Wilson had full and express notice of all the respondents' rights as above set forth, and well knew that Reeves held the title solely as security for the money loaned to the respondents, and that the purchase and sale was not made in good faith, either on the part of Reeves, or on that of Wilson, and was made and executed in fraud of respondent's rights.

That the mortgaged premises were, at the time of the commencement of this action, of the value of $5,200, of the gold coin of the United States.

Whereupon, the Court below entered a decree in favor of the plaintiffs, by which it was ordered that the defendants should make to Mary E. Price a conveyance of the property

in dispute, free from any encumbrances done or suffered by them, or either of them; or, if that could not be done, that the respondents recover the sum of $5,200, in gold coin, from the appellants, less the amount found to be due from the respondents to the appellants, for the money borrowed from Reeves, and interest thereon, and the costs and expenses of the foreclosure suit.

*W. S. Wells*, for Appellant, Reeves.

*C. Hartson* and *S. G. Hilborn*, for Wilson.

*J. R. Townsend*, for Respondents.

Sawyer, C. J., delivered the opinion of the Court:

This case differs materially from *Wright* v. *Ross*. From the facts admitted by the pleadings and found by the Court, it appears that there was an express understanding that defendant, Reed, should foreclose the mortgage deposited with him as security, buy in the premises at the sale under the judgment, and hold them in place of the note and mortgage, as security only, for his loan. By his acts Reeves misled plaintiffs, and if they are upheld, the result would be a fraud upon the plaintiffs. The case is within the principle approved in *Sandfoss* v. *Jones* (35 Cal. 482.) The purchase was made with the property of Mrs. Price, subject only to the lien of Reeves, in accordance with the understanding that the property purchased should be substituted for the note and mortgage itself. There was, then, a resulting trust, and Reeves held the property in trust for Mrs. Price, to be conveyed to her upon the payment of his demand. Wilson took the land with knowledge of the trust, and therefore charged with it. But the property was conveyed to third parties, and placed beyond the power of Reeves and Wilson to convey. By their wrongful acts Mrs. Price lost her property. As she could not obtain the property itself, she was entitled to the value from these by whose wrongful acts it was lost, less the amount due from her to Reeves.

We think, however, that there was error in rendering the judgment for coin. There was no contract in writing to pay coin, and the judgment is not for money received in a fiduciary capacity. The plaintiffs were not content to claim the money received for the land, but demanded and obtained a judgment for the value of the land, irrespective of the amount received for it. The Court could only find the value of the land, and render judgment for the amount in money generally. The case is not within the statutes authorizing a judgment for a specified kind of money. The judgment must be modified by striking out the clause requiring payment to be made in coin, or a new trial must be had.

Upon filing a stipulation by respondents within fifteen days, consenting that the judgment be modified by striking out the clause requiring payment in coin, the judgment will be modified accordingly; but in default thereof, an order will be entered reversing the judgment, and directing a new trial.