# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

## OCTOBER TERM, 1877.

[No. 5656.]

## A. B. ELLIOTT, Appellant, v. LEOPARD MINING COMPANY and GEORGE HEARST, Respondents.

EXECUTORY CONTRACT CONSTRUED—ITS EFFECT UPON THE PARTIES THERETO; AND THEIR SUCCESSORS IN INTEREST HAVING NOTICE OF ITS CONTENTS—PLEADING.—The complaint sets out a contract of record, whereby B, A & E, a law firm, undertook to render certain professional services to maintain and quiet the title of four mining partners, viz., L F, S H, G H, and P O'M, to certain mining claims, of which the Leopard Mining Company was an adverse claimant; and whereby said mining partners on their part agreed to convey to said firm an undivided one-fourth of said claims, or in case of a compromise with said adverse claimant, said firm should be entitled to a share equal to one-fourth of the proceeds of said compromise. The complaint further alleges the commencement of an action in pursuance of said contract; a dissolution of said law firm, each of its members retaining his individual share in the interest contingent on the conveyance or compromise aforesaid; a release by A and B of their interests to S H, one of said mining partners, to George Hearst, and by him to said Leopard Mining Company, whereby said action to quiet title and all controversy concerning said mining claims were settled and compromised, and said company became the sole successor in interest of all the parties thereto, agreeing to pay to said Hearst a large sum of money in installments, a part of which was due and unpaid, when, after demand by E, said Hearst and said company refused to recognize his interest therein, and he commenced his action therefor upon separate demurrers by defendants to such complaint. 1. That it does not state facts sufficient to constitute a cause of action. 2. That there is a misjoinder of alleged causes of action. 3. That there is a misjoinder and a nonjoinder of parties plaintiff and defendant. 4. That the complaint is ambiguous, unintelligible, and uncertain: *held*, that appellant's remedy is not alone

[ 355 ]

upon the personal covenant of the parties contracting with his firm; but that the legal effect of the contract is to place the interest of said firm in the compromise and the proceeds thereof precisely on the same footing as their interest in the mining claims would have occupied had the title been established in the Courts: *held*, that as soon as the compromise was effected, said law firm was entitled to a direct, immediate, and specific interest of one-fourth of the proceeds in specie, and were entitled to demand the same directly from the Leopard Mining Company; and that said Hearst was liable to account for so much thereof as had been paid to him: *held further*, that the points made by demurrer to the complaint are not well taken.

APPEAL from the District Court of the Third Judicial District of the State of California, in and for the City of San Francisco.

On the 11th day of November, 1874, plaintiff (appellant) A. B. Elliott was a member of the law firm of Bryan, Aude & Elliott, then engaged in the practice of law at Virginia City, and elsewhere in the State of Nevada. At that time, said firm entered into a contract in writing, duly acknowledged and recorded, whereby they agreed with Leonard Fiske, Samuel Hendy, George Hendy, and Peter O'Mally to render certain professional services in the Courts of said State, in defending and quieting the title of said last named parties to certain mining claims known as "Miner's Delight" and "Champion," situated in the Cornucopia Mining District, Elko County, in said State. In consideration of such services to be rendered, said last-named parties, claimants of said mines, covenanted and agreed with said firm that on the settlement of said title by judicial proceedings they would convey, by a good and sufficient deed, to said firm an equal undivided fourth of said claims; *but in case said title should be settled by compromise, said firm should be entitled to one-fourth of the proceeds thereof, or of what might be obtained or realized therefrom.* In November, 1875, in pursuance of said contract, suit was commenced in the District Court of the Ninth Judicial District, for the County of Elko, in the State of Nevada, to settle and quiet the title to said mining claims. In said suit, said contracting claimants were plaintiffs, and said Leopard Mining Company was defendant. During the pendency of said suit, said law firm was dissolved by agreement between its members, each retaining his individ-

ual interest in whatever should be realized by said firm from such conveyance or compromise as aforesaid. After said dissolution, Bryan and Aude, former partners of said Elliott, sold and conveyed their individual interest retained as aforesaid to Samuel Hendy, who, with the rest of said contracting claimants, thereafter sold and conveyed all their interests in the said mining claims, including the interests purchased by the said Samuel Hendy as aforesaid, to defendant (respondent) George Hearst. Said Hearst having become the successor in interest of all the parties to said contract, excepting only said Elliott, thereupon settled and compromised all litigation and controversy concerning said mining claims by selling and conveying all his interest and title therein to said Leopard Mining Company. In consideration of said conveyance, said company agreed to pay said Hearst, in equal monthly installments of ten thousand dollars each, the sum of forty thousand dollars, of which a part was due and unpaid at the commencement of this action. Said Hearst and said company having refused, after demand, to pay said plaintiff, Elliott, a share equal to one-twelfth of the proceeds of said compromise, or to recognize his interest therein, he brings this suit against them to recover said share, and to enjoin the payment of the same, or so much thereof as remains in the hands of said company, to said Hearst.

To the complaint alleging the foregoing facts, the defendant, (respondent) Leopard Mining Company, by its attorneys, *Garber & Thornton* and *McClure*, demurred in substance as follows:

1. That under the alleged contract, by reason of the compromise, plaintiff's (appellant's) action is against the parties with whom he contracted, and not against this defendant, (respondent) the Leopard Mining Company.

2. The complaint does not state facts sufficient to constitute a cause of action against this defendant.

Defendant (respondent) Hearst, by his attorneys, *Stewart & Greathouse*, demurred in substance as follows:

1. There is a defect of parties, both plaintiff and defendant, in this:

(*a*) Bryan and Aude should have been joined with plaintiff as parties plaintiff, or been made defendants.

(*b*) The defendants' (respondents') grantors, Fisk, the Hendys, and O'Malley, are each and all necessary parties defendant.

2. There is a misjoinder of parties defendant, in this:

(*a*) This defendant is improperly joined with defendant, the Leopard Mining Company, and it is improperly joined with this defendant.

3. The complaint does not state facts sufficient to constitute a cause of action.

4. It is ambiguous, unintelligible, and uncertain, in this:

(*a*) It does not appear that Fisk, the Hendys, and O'Malley ever were owners, or whether they only claimed to be the owners of the mining claims described in the complaint.

(*b*) It does not appear when, how, or in what lawsuits, if any, the firm mentioned in the complaint rendered any services, or what services were rendered.

(*c*) It does not appear from said complaint where said firm was dissolved, or that said firm arranged to perform any services after such dissolution.

(*d*) It does not appear when Bryan and Aude sold or conveyed to Samuel Hendy the interests retained by them respectively by the terms of said dissolution.

(*c*) It does not appear whether Hearst has conveyed anything to said company, or only agreed to convey.

*L. Aldrich* and *Jno. B. Mhoon*, for Appellant.

Hearst and the Leopard Mining Company had notice of the existence and terms of the contract mentioned in the complaint. The allegation of its record is equivalent to an allegation of notice to respondents.   (Civil Code, secs. 1158, 1215.)

The contract being a conveyance within the meaning of the latter sections, its record is constructive notice of its contents to subsequent purchasers.

It makes no difference so far as the demurrers are concerned that the contract was made and recorded in Nevada, for it is a familiar rule that in the absence of any averment or proof as to

the law of the State, where a contract may be made or recorded, the law of such State it will be presumed is the same as that of the State whose Courts may be called on to interpret it, or to give the contract effect. (*Norris* v. *Harris*, 15 Cal. 226; *Hill* v. *Grigsby*, 32 Cal. 55.)

Hearst, who purchased with notice of the contract, stood in the same relation to appellant that his grantor stood at the time of the conveyance to him, and became the trustee of appellant to the extent of his interest under the contract. So the Leopard Mining Company, dealing with Hearst, with notice of the contract, occupied the same relation. He who purchases property having notice of an equity affecting it, takes it subject to that equity. (*Reeves* v. *Wilson*, 38 Cal. 457.)

It will be said that there is no privity between appellant and respondents. The law creates the privity; it makes every person who dealt with the property after the record of the contract as much a party to its terms as the first contracting parties. At the time this suit was commenced both respondents had money belonging to appellant, and which they held as his trustee, which each refused to pay him, and denied his right to recover.

The demurrer of Hearst, in addition to the general ground taken that the facts stated in the complaint do not constitute a cause of action, takes other grounds of demurrers which we will notice in their order.

1. There is a defect of parties plaintiff and defendant in this, that Bryan and Aude, the two partners of appellant, were not made parties plaintiff, or if their consent could not have been obtained for that purpose, that they were not made parties defendant.

2. That Fisk and the other parties who entered into the contract with said firm are necessary parties defendant.

The answer to these objections to the complaint is brief, and we think conclusive. All the persons whom it is claimed should have been made parties had, as the complaint shows, before the commencement of this action, parted with their interest both in the property and in the subject-matter of the controversy; the same had then passed to Hearst, and perchance from him to the Leopard Mining Company.

3. That there is a misjoinder of parties defendant in this, that Hearst and the Leopard Mining Company should not have been joined as defendants.

The answer to this objection to the complaint is, that if, on the facts stated in the complaint, the Leopard Mining Company be liable to the plaintiff for the amount claimed, or any part of it, Hearst is a necessary party defendant, because, according to the complaint, Hearst was directly interested in the question whether or not a portion of the money in the hands of the Company should be paid to appellant or retained to abide the result of the suit; and if Hearst be liable to appellant, the Leopard Mining Company is a necessary party to a complete determination or settlement of the question involved in the suit.

The Code of Civil Procedure provides that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." (Civil Code Pro. sec. 379.)

*Wm. M. Stewart* and *C. R. Greathouse*, for Respondent Hearst.

*Garber & Thornton*, for Respondent Leopard Mining Company. .

I. The facts fail to show that plaintiff ever acquired any legal or equitable interest in the land or mining claims. The event in which a conveyance was to be made, to wit, a settlement of the title in the Courts, never happened, and only in this event could the plaintiff be entitled to a specific performance. Instead of this, a compromise was had, which, by the terms of the contract, entitled the firm of which plaintiff was a member to one-fourth of the proceeds. So far as plaintiff was entitled to the proceeds of a compromise, the contract was personal, and no charge upon the mining claims.

How can these defendants be made to assume the personal obligations of Fisk and associates? It is not alleged that the defendants ever assumed the contract, and it is not shown that there is any privity between them and the plaintiff.    ·  ··

The case of *Price and Wife* v. *Reeves & Wilson*, 38 Cal. 457, is cited in the points and brief of appellant. The statement shows that Reeves held real estate in trust for Price and wife, and sold it to Wilson, who knew of the trust, and who sold it to a purchaser ignorant of the trust. Price and wife, unable to recover the property from the innocent purchaser, recovered judgment against Reeves & Wilson for the value of the property.

In what respect is that case like the one at bar? The complaint shows that the Leopard Mining Company and Fisk, the Hendys, and O'Malley claimed title to and ownership of certain mining grounds adverse to each other. The attorneys, Bryan, Aude, and Elliott, agreed with Fisk, the Hendys, and O'Malley to give and render their services in all law-suits to settle the title of said mining ground, and to have and receive therefor an interest in the ground, upon the settlement of the title in the Courts; or, in the event of a compromise, to receive *no* interest in the ground, but to have and receive from Fisk, the Hendys, and O'Malley one-fourth of the proceeds of the compromise. A suit was brought by Fisk, the Hendys, and O'Malley against the Leopard Mining Company, to settle the said title. There was then a compromise and settlement of said suit and title, and consequently, by the agreement, the attorneys never acquired any interest in the ground, but by the agreement with their clients, Fisk, the Hendys, and O'Malley, they can hold them for one-fourth of the compromise.

So far from the recorded agreement being notice of any equity or interest of the attorneys in the ground, it was notice, a compromise being made, that they had and were to have no equity or interest in it, but were to have from Fisk, the Hendys, and O'Malley one-fourth of the money paid by the Leopard Mining Company to settle the title.

In the agreement, Fisk, the Hendys, and O'Malley carefully reserved to themselves the right to compromise, by conveying the title without possible interference by the attorneys—promising the attorneys, in the event of their compromising with the Leopard Mining Company, to pay them for their services one-fourth of the proceeds of the compromise.

We think the remaining grounds of the demurrer of Hearst are well taken, but do not see the necessity of arguing them, as we are satisfied that the complaint does not state facts sufficient to constitute a cause of action.

By the Court, CROCKETT, J.:

As stated in the complaint, the contract between Bryan, Aude, and Elliott of the one part, and Fisk, Hendy, and O'Malley of the other part, was in effect that if the title of the latter to the mining claims should be established by means of the legal proceedings proposed to be instituted, the said Fisk, Hendy, and O'Malley would convey to Bryan, Aude, and Elliott " an undivided interest in said mining claims equal to one-fourth of each thereof "; but " in case the said title to said mining claims should be settled by compromise, the said firm should be entitled to the one-fourth part of the proceeds thereof, or of what might be obtained or realized therefrom." It is averred that Hearst purchased with actual notice of the contract, and that the Leopard Mining Co. also had notice of ' it before and at the time of the compromise. It is contended for the defendants that the contract, as thus stated, created no specific interest in Bryan, Aude, and Elliott in the proceeds of the compromise as such; and that in legal effect it amounted only to a personal covenant by Fisk, Hendy, and O'Malley to account to Bryan, Aude, and Elliott for one-fourth of the proceeds of the compromise after they should have been received. Hence it is argued that the only remedy of the plaintiff is by a personal action against Fisk, Hendy, and O'Malley for a breach of the covenant. But we think this construction of the contract, as it is stated in the complaint, is too narrow. As we construe it, it was intended, in case of a compromise, that the interest of Bryan, Aude, and Elliott in the proceeds should stand precisely on the same footing as their interest in the mining claims would have occupied had the title been established in the Courts. In other words, as soon as the compromise was effected, Bryan, Aude, and Elliott became entitled to a direct, immediate, and specific interest of one-fourth of the proceeds in specie, and were entitled to de-

mand the same directly from the Leopard Mining Co., and a portion of the proceeds having been paid to Hearst, he became liable to account to the plaintiff for his proportion thereof. Nor is there any misjoinder of causes of action, or non-joinder or misjoinder of parties, plaintiff or defendant, nor do we discover anything ambiguous, uncertain, or unintelligible in the complaint.

Judgment reversed and cause remanded, with an order to the Court below to overrule the demurrer to the complaint. Remittitur forthwith.