EMMET COUNTY v. GRIFFIN.

1. **Tax Sale**: FOR PART OF TAXES: REDEMPTION: TITLE TO REDEMPTION MONEY. Defendant and L. were owners, as tenants in common, of certain land in the plaintiff county, on which taxes were delinquent to the amount of $500. The land was sold for the taxes, and L. bid it off for $27. He then conveyed his interest in the land, and assigned his certificate of purchase at tax sale, to defendant, who afterwards, as owner of the land, redeemed it by paying to the auditor, not only the amount bid by L , but also the amount of taxes due, but not realized, at the sale. He then, as the holder of the certificate, received from the auditor the money thus paid in redemption. *Held* that the money so received, in excess of the amount of the certificate, belonged to the county, and was wrongfully paid to defendant, and that, in an action to recover it, defendant could not be heard to claim that the sale and certificate to L., as one of the tenants in common, were void, and that his transaction with the auditor was not a redemption, but only a surrender of the certificate.

2. **Pleading**: PRACTICE: SUBSTITUTED PETITION AT LAW IN CAUSE BEGUN IN EQUITY. There is no error in allowing a plaintiff who has begun in equity to afterwards file a substituted petition showing only a cause of action at law. The defendant's only right is to have the cause transferred to the law docket.

*Appeal from Emmet District Court.*

WEDNESDAY, OCTOBER 26.

THIS action was brought in equity to establish a lien for. taxes on certain land in Emmet county, and to obtain a judgment therefor against the defendant Griffin. Afterwards, by leave of the court, the plaintiff ·filed a substituted petition, merely asking judgment against Griffin. The defendant objected to the filing of the substituted petition, and from the order allowing it he appealed. The defendant then demurred to the substituted petition, and the demurrer was sustained. The plaintiff elected to stand upon its petition, and judgment was rendered against it for costs, and it appealed, perfecting its appeal first.

*Soper & Allen*, for appellant.

*M. H. Beach*, for appellee.

SEEVERS, J.—In December, 1887, the defendant, Griffin,

and one Lull owned as tenants in common a section and a half of land in Emmet county. At that time taxes were due on it to the amount of nearly $500, and the land was offered at a tax sale. Lull, one of the tenants in common, bid the same off for $27. He afterwards conveyed his half to his co-tenant, Griffin, and assigned to him his tax certificate. Griffin then, in order to clear up the title, conceived the plan of redeeming the land as the owner thereof. He paid to the auditor all the taxes, including those due the county as not realized on the sale, under the ruling in *Soper v. Espeset*, 63 Iowa, 326, and then, as holder of the tax certificate, he drew from the auditor the amount paid, including the amount belonging to the county. The plaintiff now seeks to recover the amount thus paid to Griffin in excess of the amount of the certificate, on the ground that it was wrongfully paid by the auditor, and wrongfully received by Griffin.

The defendant demurred on the ground that the tax sale to Lull, one of the tenants in common, was void, and the tax certificate void. To this we think it is sufficient to say that Lull and Griffin treated the sale and tax certificate as valid, and in so doing Griffin attempted to clear the land from the entire tax of nearly $500 at what was virtually an expense of only $27. The county, by the acts of Lull, which Griffin attempted to take advantage of, was obstructed in its collection of the tax, and we think that the county has now a right to treat the transaction precisely as Lull and Griffin did.

Another position taken by Griffin is that what he did under a form of redemption was nothing more than a surrender by him of his tax certificate; he being the owner of the land. He claims that he really had no occasion to redeem, and that the county ought not to obtain a benefit, and that he ought not to suffer for his needless acts. We might concede that there would be force in this view but for the fact that Griffin was under a moral obligation to pay the tax, and resorted to what at least was a payment in form in order to clear his

*Margin note: 1. TAX SALE: for part of taxes: redemption: title to redemption money.*

title. Having attempted to do this for the advantage there was in it to him, we think it is the right of the county to treat the matter as he treated it. His mistake consisted in the supposition that, after he had cleared the land by the payment of the tax, he could draw the money back again and keep it.

The defendant appealed from the order allowing the substituted petition to be filed. His position is that, where an 2. PLEADING: action is brought in equity, it is not competent practice: substituted petition which will show a tion at law in- different cause of action, and one which is merely cause begun in equity. an action at law. In the petition in equity the plaintiff treated what was done under the form of redemption as being a mere cancellation of the tax certificate. It has now changed its grounds so far as to treat the matter of the redemption as the defendant treated it, and in so treating it to claim that out of it arises a cause of action at law. We do do not think that there is any valid objection to the filing of such a petition. It would be the defendant's right, of course, to have the action transferred to the law docket. Upon the defendant's appeal the action must be affirmed, and on the plaintiff's                                    REVERSED.