PAYNE *v.* PAYNE.

(*Nashville.* March 9, 1901.)

CHANCERY PLEADING AND PRACTICE. *Petition does not lie to enforce attorneys' lien, when.*

If attorneys, who have filed a divorce bill for the wife, attaching property of the husband, have, under Acts 1899, Ch. 244, any lien at all for services upon the attached property after the wife's voluntary dismissal of her suit, such lien cannot be enforced by petition filed in the original cause, without attachment of the property, six months after final decree upon such voluntary dismissal, and after the term of court at which said final decree was rendered has passed. The Court's intimation seems to be against the existence of such lien, but the question is not decided.

Cases cited: Pleasant *v.* Kortrecht, 5 Heis., 694; Hunt *v.* McClanahan, 1 Heis., 503; Covington *v.* Bass, 88 Tenn., 496.

---

FROM TROUSDALE.

---

Appeal from Chancery Court of Trousdale County. J. S. GRIBBLE, J.

DISMUKES, FOUST, and McMURRAY & McMURRAY for Maggie Payne.

JAMES T. MILLER for Richard B. Payne.

WILKES, J. This is an attempt to have declared and enforced an attorney's lien upon the

complainant's right of action in a suit for divorce and alimony.

The attorneys assume to come into the original divorce case by a petition to have their right to a lien declared under the provisions of the Act of 1899, Chap. 243.

The original bill sought divorce upon the ground of adultery, and attached certain real and personal property belonging to the husband.

In the fiat of the Chancellor granting the attachment, he directed that the exempt personal property attached should be turned over to the wife, to be used and controlled by her for the support and maintenance of herself and her children, until the further orders of the Court. In addition to this personal property, land of the value of $4,000 was attached, as the property of the husband, and some other personal property was seized besides that which was exempt, the whole amounting to about $1,000.

The property was attached under the fiat of the Chancellor on the 7th of December, 1899. On the 13th of that month the complainant, by written order before the Clerk, directed the suit to be dismissed and withdrawn. When Court convened, and on the 16th of January, 1900, complainant, by different attorneys, procured an order for the withdrawal of the exhibits to her original bill. The attorneys originally representing her

Payne *v.* Payne.

thereupon applied to the Court to be made parties and allowed to resist her application to dismiss the suit, claiming a lien on the property attached for their reasonable fees. The Chancellor dismissed the divorce proceedings, and held that the attorneys who filed the original bill were not entitled to any lien. A bill of exceptions was taken by the attorneys, and they prayed an appeal, which the Chancellor denied them.

About six months thereafter the original attorneys filed a petition in which they alleged the filing of the bill and the subsequent steps taken in the case, and asked for a reference to ascertain their fees and to have the same declared a lien upon the attached property, and that it be sold to pay whatever amount they might be adjudged entitled to receive.

This petition was filed against the husband and wife, and was answered by the husband, who set up the fact that the suit of the wife for divorce was dismissed by her, and he denied that the attorneys acquired any lien upon the attached property.

Upon the case as thus presented the Chancellor dismissed the petition with costs, and the petitioners appealed.

In the Court of Chancery Appeals the case was treated as though the exempt property ordered by the Chancellor to be turned over to the

wife was alone involved, and after an elaborate discussion that Court was of opinion that the petitioners had a lien upon the property, not under the Act of 1899, but upon the theory that the property had been attached and impounded by the attorneys, and could not be released to their prejudice, basing their holdings upon the rulings of this Court in *Pleasant's Administrators* v. *Kortrecht,* 5 Heis., 694; *Hunt* v. *McClanahan,* 1 Heis., 503; *Covington* v. *Bass,* 88 Tenn., 496. That Court was of opinion, however, that this would not prevent the wife from dismissing her suit, if she saw proper so to do, over the protest of the attorneys as to the divorce.

That Court was, however, of the opinion it could grant petitioners no relief, since they had not attached or impounded the property upon which they claimed and sought to enforce their lien, and it remanded the case to the Court below that an amended petition might be filed attaching the property if it was still in the possession of the husband or wife, so that the Court would have the jurisdiction and power to enforce the lien. Both parties have appealed to this Court.

This Court is of opinion that in the shape we find this record the petitioners can have no relief. Whether the Chancellor should have granted them an appeal when they first attempted to as-

sert their lien by motion and it was refused, we are not called upon to decide, as it is not now involved.

But the petition in this case was not filed until six months after the case itself had been dismissed and the costs adjudged by a decree final in its form and effect. In order to have obtained relief, if entitled to it at all, which we do not by any means concede, it would have been necessary to file an original bill and impounded or in some way seized upon the property upon which the lien was claimed. It could not be done by a petition in a case already dismissed, and when there was no seizure of the property, even by assent of the Chancellor below. We are of opinion, therefore, the Court of Chancery Appeals is in error, and that no relief can be granted the petitioners in this proceeding, in any event.

The decree of that Court is reversed, and the cause dismissed. The petitioners will pay costs of appeal.