114   83<br/>
134  579

114   83<br/>
140  639

</div>

## W. L. CRISSMAN v. WILLIAM McDUFF, Appellant.

**Transfer of Causes:** SUIT PROPERLY BROUGHT IN EQUITY: *Jurisdiction to decide law issue.* The refusal to transfer the cause to the law docket is not an infringement of defendant's right to a jury trial, since defendant has no right to a jury trial of an issue of law, presented by an answer in a suit properly brought in equity.

RULE APPLIED: *Attorney's lien.* Where an attorney having a lien on a judgment in favor of his client brings suit in equity to foreclose such lien, and the client, after filing his answer, obtains a release of the lien by executing a bond to the attorney as authorized by Code, section 322, he is not entitled to have the cause transferred to the law docket, though the filing of the bond reduces the attorney's claim to a mere money demand.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

FRIDAY, MAY 17, 1901.

PLAINTIFF, an attorney, secured a judgment for defendant against one Blachley, and filed an attorney's lien

thereon for his fees. This action was brought April 27, 1898, in equity, to foreclose such lien. On May 3, 1898, defendant answered. January 3, 1899, defendant filed a bond releasing the lien, and then made a motion to transfer the cause to the law docket for trial by jury. The motion was overruled. Trial was had to the court, and judgment rendered in plaintiff's favor. Defendant appeals.—*Affirmed.*

*Rickel & Crocker* for appellant.

*J. H. Preston* and *C. W. Holbrook* for appellee.

WATERMAN, J.—This appeal is taken from the refusal of the court to transfer the cause to the law docket, and assign it for trial by jury, after the lien had been released by the filing of the bond. At the time the bond was filed, defendant filed a supplemental answer setting up the release of the lien, but we do not regard this pleading as of any significance in the case. The claim is made that after the release of the lien by the giving of the bond, the action was reduced to a mere money demand, and as such was triable by jury. Section 322 of the Code provides for the release of an attorney's lien by the execution of such a bond as was here given. We have, then, this situation: Plaintiff properly commenced his action in equity, the issue being one of equitable cognizance. After issue had been joined by answer, defendant, by an act done on his own part, converted the issue into a mere money demand. Can he insist upon a change of forum because of this? Had proceedings been begun in the wrong tribunal, defendant could, on motion, have had the action transferred to the proper docket; but in such a case his request would have to be made before answer. Code, sections 3434-3437. It hardly seems reasonable that he should have any greater right than this, when the proceeding is instituted in the proper court. Had defendant filed his bond before an action

to foreclose the lien was begun, plaintiff would have been obliged to proceed at law.. And it may be, if his motion to transfer had been filed before he answered, that it should have been sustained.    But we have no such question as either of these here.    So, also, we may say that had plaintiff changed his cause of action, after suit brought, from one in equity to one at law, defendant might have had a transfer. *Emmet County v. Griffin,* 73 Iowa, 163.    Our attention has been called to no case precisely similar in its facts to the one at bar.    On principle, it seems necessary we should hold that a plaintiff cannot, after issue joined, be taken, against his will, out of a forum in which his action was properly brought, when he has done nothing to disqualify himself from proceeding therein.    This is no hardship on defendant, for it was within his power to convert the cause of action into a demand at law before this action was begun.

As somewhat in point, see *Heath v. Hafhill,* 106 Iowa, 131.    In response to the claim that the refusal to transfer was an infringement of defendant's constitutional right to a jury trial, we need only call attention to the line of cases holding that, where an action is properly brought in equity, a defendant has no right to trial by jury of a law issue presented by answer.    *Gatch v. Garretson,* 100 Iowa, 252-257; *Wilkinson v. Pritchard,* 93 Iowa, 308; *Frost v. Clark,* 82 Iowa, 298; *Ryman v. Lynch,* 76 Iowa, 587.    The judgment of the trial court was in all respects correct, and it is AFFIRMED.