COOMBE ET AL., APPELLANTS, *v.* KNOX ET AL., RESPONDENTS.

(No. 1,572.)

(Submitted May 13, 1903.   Decided May 18, 1903.)

*Attorney's Lien—Foreclosure—Pleading*

In an action against McDonald, Knox, Maloney and Cobban to establish and enforce an attorney's lien the complaint alleged: that plaintiffs were employed by McDonald, as her attorneys, to prosecute an action on her behalf against Knox in the district court; that they performed the services re-

quired of them, and obtained a judgment in their client's favor for $331.65 ; that such action had been tried in a justice's court, and from a judgment rendered therein in favor of their client an appeal had been taken to the district court by the losing party ; that the ordinary undertaking had been given with the defendants Maloney and Cobban as sureties thereon; that for the services rendered by plaintiffs, $300 was a reasonable attorney's fee; that no part thereof had been paid; and that no part of the judgment obtained by McDonald in the district court had ever been paid. To this complaint separate demurrers were interposed by the defendants, the grounds of which were: (1) Misjoinder of parties; (2) misjoinder of causes of action ; and (3) failure to state facts sufficient to constitute a cause of action. *Held,* that the demurrers were not well taken.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by R. Coombe and O. M. Hall against Mary McDonald, Jessie C. Knox, J. H. Maloney and R. M. Cobban. The defendant McDonald made default. From a judgment for costs entered in favor of defendants Knox, Maloney and Cobban, plaintiffs appeal. Reversed.

*Mr. O. M. Hall,* for Appellants.

*Mr. C. D. Tillinghast,* and *Mr. John N. Kirk,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought by the appellants, who were plaintiffs below, to establish and enforce an attorney's lien. The complaint alleges that the plaintiffs were employed by one Mary McDonald as her attorneys to prosecute a cause of action on her behalf against Jessie C. Knox, in the district court of Silver Bow county ; that they performed the services required of them and obtained a judgment in their client's favor for $331.65 ; that such action had been commenced and tried in a justice of the peace court, and from a judgment rendered therein in favor of McDonald an appeal had been taken to the district court by the losing party ; and that the ordinary under-

taking on appeal had been given, with the defendants Maloney and Cobban as sureties thereon. A copy of such undertaking is attached to and made a part of the complaint, to only one paragraph of which it is necessary to make reference: "We do further, in consideration thereof and the premises, jointly and severally undertake and promise * * * that she (appellant) will pay any judgment and costs that may be recovered against her in said action in the district court, not exceeding the sum of $300, to which amount we acknowledge ourselves jointly and severally bound.

"J. H. Maloney,
"R. M. Cobban."

The complaint then alleges that for the services rendered by these plaintiffs, $300 is a reasonable attorney's fee; that no part of it has been paid; and that no part of the judgment obtained by McDonald against Knox in the district court has ever been paid. The defendant McDonald made default. To the complaint a separate demurrer was interposed by the defendant Knox, and a like separate demurrer by the defendants Maloney and Cobban. The grounds of the demurrers are: (1) Misjoinder of parties defendant; (2) misjoinder of causes of action; and (3) that the complaint does not state facts sufficient to constitute a cause of action. These demurrers were by the court sustained and judgment for costs entered in favor of the defendants Knox, Maloney and Cobban, from which judgment this appeal is prosecuted.

Section 430 of the Code of Civil Procedure provides: "The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor and the proceeds thereof in whose ever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

The complaint, then, in so far at least as any criticism is made upon it by respondents, does allege facts sufficient to show that the plaintiffs herein had a lien upon their client's cause of action in *McDonald* v. *Knox,* which lien attached to the judgment recovered by McDonald as soon as it was rendered.

The complaint also alleges that no part of the judgment has ever been paid and that its payment is secured by the appeal bond upon which Maloney and Cobban are sureties. It is not essential to the existence of the lien that the amount of the attorney fee should be definitely fixed. The amount due must be alleged either by stating a fixed sum or by averring the reasonable value of the services rendered, as is done in this instance. (4 Cyc. Law & Pro., 1022.) This is an equitable action, brought to foreclose a lien, and ever person interested in the subject-matter of the controversy is a proper party to the proceedings. Mrs. Knox, the judgment debtor, was properly made a party and is in no position to complain, for the payment of money into court by her, sufficient to satisfy this lien would operate to discharge, *pro tanto,* her obligation to McDonald. The attorney seeking to enforce his lien may bring an independent action against his client or the adverse party, or both. (4 Cyc. Law & Pro., 1021, and cases cited.)

Are Maloney and Cobban proper parties defendant? The lien granted by the statute operates as an equitable assignment of so much of the judgment as will satisfy the lien, and, for the purpose of securing payment, subrogates the attorney to the right of his client to that extent. (4 Cyc. Law & Pro., 1005.) Any security, therefore, which the client has for the payment of his judgment, may be availed of for the benefit of the attorney. The appeal bond given by Knox, upon which Maloney and Cobban are sureties, was for the benefit of McDonald to secure the payment of her judgment; and to the extent which that judgment is by operation of law equitably assigned to her attorneys, is the security for its payment liable to enforcement by such attorneys. In *Clark* v. *Sullivan,* 3 N. D. 280, 55 N. W. 733, the same question was before the supreme court of

North Dakota, and it was there decided that the attorney's lien extends not only to the judgment recovered by his client, but attaches to any bond or undertaking given to secure the payment of that judgment. To the same effect are the decisions in *Leighton* v. *Serveson,* 8 S. D. 350, 66 N. W. 938; *Stoddard* v. *Lord,* 36 Oregon, 412, 59 Pac. 710; *Davidson* v. *Board of Com'rs,* 26 Colo. 549, 59 Pac. 46; *Newbert* v. *Cunningham,* 50 Me. 231, 79 Am. Dec. 612. There was, then, no misjoinder of parties defendant. Neither was there any misjoinder of causes of action. In fact, there is but one cause of action stated in the complaint: a cause of action upon the foreclosure of an attorney's lien, in every sense analogous to the foreclosure of a mechanic's lien or mortgage. In *Elliott* v. *Leopard Mng. Co.,* 52 Cal. 355, the supreme court of California had before it a like cause of action, where the same relief was sought and where a demurrer specifying the same grounds as those in the case at bar was interposed, and held that there was no misjoinder of causes of action or of parties defendant.

For the reasons stated the judgment is reversed and the cause remanded to the lower court with directions to overrule the demurrer.

*Reversed and remanded.*