---

JAMISON & SMYTH, Appellees, v. C. H. RANCK ET AL.,
Appellants.

**Attorney's lien:** DISCHARGE. The release of an attorneys lien may be accomplished by simply filing a bond as provided in Code section 322, and thereafter the client has full control of the judgment and the fund in the hands of the clerk applicable to its satisfaction.

**Same:** ACTION TO ENFORCE LIEN: FORUM. Where the client procures the release of an attorneys lien, by filing the statutory bond before answering in an equitable action to enforce the lien, the attorneys claim for services then becomes an ordinary demand at law and is triable as such.

**Same:** JURY TRIAL: WAIVER OF RIGHT. Where an equitable action is brought to enforce an attorney's lien, and the same has been converted into an ordinary demand at law by the filing of a statutory bond, the right to a jury trial which was demanded

before answer in the equitable action was not waived by subsequently filing an answer therein and going to trial.

*Appeal from Linn District Court.*—HON. W. N. TRIECHLER, Judge.

TUESDAY, JANUARY 12, 1909.

THE opinion states the facts.—*Reversed.*

*U. C. Blake* and *Redmond & Stewart,* for appellants.

*S. K. Tracy,* for appellee.

WEAVER, J.—The plaintiffs, who constitute a firm of practicing lawyers, having acted as attorneys for the defendant Ranck in certain litigation between him and the city of Cedar Rapids, and having recovered a judgment in his favor for damages, filed a lien thereon to secure the payment of an alleged balance due them for services so rendered. To collect the alleged balance due for such services and enforce said lien, plaintiffs instituted this action in equity, naming as defendant both Ranck and the city of Cedar Rapids. The city appeared to the action, admitted its indebtedness to Ranck, and, having deposited with the clerk city warrants to the amount of the sum so due, asked to be dismissed. The defendant Ranck also appeared, and, before answering, filed his bond with approved sureties to release the attorney's lien in substantial accordance with the provisions of Code, section 322, and thereupon moved for an order directing the release and delivery to him of the city warrants deposited with the clerk, and further moved that the action be transferred to the law calendar, and tried as a law action. The motion for the release of the warrants was sustained in part only; the clerk being directed to retain a sufficient amount thereof to secure the plaintiffs' claim, and the motion to trans-

fer to the law calendar was overruled, on both of which rulings the defendant assigns error. Thereafter the defendant answered, taking issue upon the plaintiffs' claim and pleading a discharge of the lien by the filing of the bond as aforesaid. Issue being thus joined, the defendant demanded trial thereof by a jury, which was refused, and trial proceeded to the court in equity. Upon the evidence offered, the court found for plaintiffs in the sum of $522.15, and awarded special execution for the sale of the impounded warrants to satisfy such judgment. The defendant Ranck appeals. As we are clear that the judgment below must be reversed upon questions of practice, we shall not discuss the merits of plaintiffs' claim or the sufficiency of the evidence to sustain a finding in their favor.

I. The bond having been given as provided by statute, and its sufficiency and regularity not having been denied, it operated as a matter of law to release the attorneys' lien, and the defendant was entitled

1. ATTORNEYS' LIEN: discharge.

to a delivery of said warrants which had been deposited with the clerk. The statute above cited provides that any person interested may release an attorney's lien by executing a bond in a sum double the amount claimed, payable to the attorney, with security to be approved by the clerk, conditioned to pay any amount finally found due the attorney for his services, which amount may be ascertained by suit on the bond. The language is very explicit that the giving of such a bond shall release the lien, and the court may not properly deny or limit its effect to that end. We infer from the record that the trial court was influenced to said ruling by an erroneous construction placed upon another provision of the same section, reading as follows: "Such lien will be released unless the attorney within ten days after demand therefor files with the clerk a full and complete bill of particulars of the services and amount claimed for

638 JAMISON v. RANCK. [140 Iowa

each item, or written contract with the party for whom the services were rendered." From this it is argued that the defendant, in order to release the lien, must not only file the said bond, but must also demand of the said plaintiffs a bill of particulars, and that plaintiffs may then prevent a release by complying with that demand within ten days. But this involves a forced, not to say unreasonable, interpretation of the statute. The latter provision quoted is not a limitation or condition placed upon the right to release the lien by giving a bond, but is nothing more or less than the statement of another method by which a release of the lien under the conditions there stated may be obtained without a bond, or perhaps it may more correctly be said it provides certain conditions under which the attorney by failing to comply with a reasonable and proper demand will lose the lien which the law has provided for his benefit. The provision for a release by bond is a most reasonable one. The lien given the attorney by law has but one purpose—the securing to him of the ultimate payment of the balance due from his client—and, when a good and sufficient bond has been given for such payment, it would be most unjust and oppressive to permit the attorney to keep his hold upon the subject of the lien. The appellants' motion for a release of the city warrants and for an order upon the clerk for their surrender to him should have been sustained.

II. We are likewise of the opinion that the filing of the bond before answer operating as we have already held to release the lien as a matter of law, the plaintiffs' claim thenceforth became an ordinary demand at law for a recovery of compensation for their services, unaccompanied by any fact, circumstance, or condition calling for the exercise of the court's equity powers. Under such circumstances, we hold it the right of the defendant who tenders a simple issue at law upon such a claim to have the same tried to

*2. SAME: action to enforce lien: forum.*

a jury. It is safe to say that ordinarily, at least, a defendant in an action of this kind can have no other purpose in giving a bond for the release of an attorney's lien except to secure to himself a right of trial to jury unburdened and unhampered by equitable issues, and, if such security be given before answer and before any issue has been joined for trial in equity, we think his demand for a jury is timely, and should be complied with. It may well be that, where an equitable issue is once joined, the act of neither party in eliminating the equitable features of the controversy will entitle him to a change to the law forum as a matter of right. *Crissman v. McDuff,* 114 Iowa, 83. But where, before such issue is made, the plaintiff's action has been converted into a mere money demand, and the issue made thereon is solely one of fact, there can be no reason or sound principle for depriving either party of the right to have it tried at law.

There is no merit in the appellee's claim that defendant waived the error in this ruling by filing his answer, and going to trial in equity. The demand for a jury trial was made both before and after the answer was filed. Appellant was not required to stake the fate of his defense upon the ruling complained of, and, having made his exception a matter of record, it was his right to proceed and make the best defense possible in the forum into which he was unwillingly forced without waiving his exception to the erroneous ruling. We find no holding of this court to the contrary, and to so decide would establish an undesirable precedent.

3. SAME: jury trial: waiver of right.

For the reasons stated, this cause must be remanded for further proceedings in harmony with the views here expressed.—*Reversed.*