OSBORNE *v.* WATERS.

Opinion delivered November 29, 1909.

1. JUDGMENT—JURISDICTION OF COURT AFTER TERM.—Where an attorney recovers a judgment for his client in a case of the nature prescribed by Kirby's Digest, § 4458, and indorses upon the judgment record notice in proper form of his claim of a fee, the court has no jurisdiction upon motion at a subsequent term to order that such indorsement be expunged from the judgment record. (Page 390.)

2. ATTORNEY AND CLIENT—LIEN.—Where an attorney has recovered a judgment for his client, and taken steps to perfect his lien for his services, he acquires an interest in the judgment of which he cannot be deprived after the judgment has become final.  (Page 391.)

Certiorari to Yell Chancery Court, Dardanelle District; *John M. Parker,* Special Chancellor; decree quashed.

STATEMENT BY THE COURT.

This is a proceeding by certiorari to quash certain proceedings had before a special chancellor, J. M. Parker, at the October term, 1908, of the Yell Chancery Court. So much of the record as is necessary for us to consider shows that on November 7, 1907, Hon. J. G. Wallace, the chancellor of the chancery court of Yell County for the Dardanelle District, in a case pending in said court wherein W. T. Dunbar was the plaintiff and Joseph Evins *et al.* were defendants, and W. D. Bell and W. D. Waters were cross complainants, rendered a decree in which it was "adjudged, ordered and decreed that William D. Waters do have and recover of and from the said plaintiff, W. T. Dunbar, and the said cross complainant, W. D. Bell, all the real property described in the cross bill of the said Waters and involved in this suit." It appears that T. S. Osborne, the petitioner here, was the attorney of record, and filed the cross complaint upon which the above mentioned decree was rendered in favor of Waters. On the same day T. S. Osborne filed with the clerk of the chancery court of Yell County, Dardanelle District, his claim of a lien for services rendered by him upon the judgment and property therein described, recovered for said Waters in the suit in the sum of ten thousand dollars, and the clerk made the following indorsement on the margin of the decree: "Now, on this day comes T. S. Osborne, solicitor for W. D. Waters, and files this his lien upon the judgment and decree rendered in this cause for the sum of ten thousand dollars ($10,000).

Nov. 7, 1909.

"T. S. Osborne,
"Atty. for W. W. Waters.

Attest: "Fred H. Phillips,
"Clerk."

At a subsequent term W. D. Waters by his attorney, Jo Johnson, filed a motion to have the case of W. T. Dunbar, plaintiff, *v.* Joseph Evins *et al.,* defendants, W. D. Bell and W. D. Waters, respectively, cross complainants, redocketed, and to "expunge from the record the entry of a lien in favor of T. S. Osborne." The regular chancellor announced his disqualification, and Hon. J. M. Parker was elected to hear the motion, which was resisted by T. S. Osborne on the ground, among others, that

the court was without jurisdiction, and setting up that he had already instituted suit, which was then pending, to recover of W. D. Waters compensation for his services as attorney in the suit mentioned and to foreclose his lien filed on the decree rendered therein, to which Waters had entered his appearance.

The special chancellor assumed jurisdiction, heard the motion to redocket, and sustained same, and ordered and adjudged "that the lien of T. S. Osborne be stricken from the files, and that the entry thereof on the margin of the record of the decree be expunged."

*Read & McDonough* and *Hill, Brizzolara & Fitzhugh,* for petitioners.

Errors in the assumption of jurisdiction are properly corrected on certiorari. 28 Ark. 37; 44 Ark. 509; 39 Ark. 347; 19 Ark. 99; 29 Ark. 178; 52 Ark. 213.

A judge may not arbitrarily decline to sit in a case in which he is not legally disqualified. 97 Cal. 101; 121 *Id.* 102; 42 La. Ann. 718; 7 So. 669; 50 So. 12; 31 Fla. 594; 34 Am. St. 41; 31 Ark. 35; 17 Ark. 580; 76 Ark. 146; 48 Ark. 227. And prejudice is no ground for disqualification. 61 Ark. 88; 31 Ark. 35. But not even the regular chancellor would have had power to reopen the old case. 33 Ark. 454; 53 Ark. 21; *Id.* 110. The recovery was actual, and the lien valid. 38 Ark. 385. A special judge may not preside by agreement. 39 Ark 254; 42 Ark. 126; 50 Ark. 340; 72 Ark. 320. A special judge cannot be lawfully appointed except in the manner provided by the Constitution. 72 Ark. 320. A person presiding in a court which is not a court is not even a *de facto* judge. 71 Ark. 310. A decree rendered by a special chancellor subsequent to the term at which he was elected is a nullity. 70 Ark. 407. If the entry of the order of dismissal is void, the case stands continued by operation of law. 11 Ark 255. The cause stands below as it did when the first person was agreed upon as a special judge. 39 Ark. 254; 6 Ark. 227; 20 Ark. 77.

WOOD, J. (after stating the facts). The record on its face shows that the proceedings before the special chancellor were *coram non judice* and void. It is unnecessary to consider whether the regular chancellor was disqualified, for even the regular chancellor would have no jurisdiction to redocket a cause that had been

finally adjudicated at a former term, and to make an order affecting an interest in the judgment. The decree at the former term became final when that term ended. The motion to redocket must be considered in the nature of new and special summary proceedings, and the court had no jurisdiction to cancel and strike from the record of the decree the evidence of the claim of lien of the attorney preserved in the method provided by the statute. As to whether or not the lien existed was a matter to be determined in the suit to foreclose. The statute in express terms gives the attorney "a lien and interest in the decree, the amount to which he is entitled by contract, or, if no amount is so fixed, a reasonable compensation for his services." A suit had been instituted by the petitioner, as the record shows, to foreclose his claim for lien thus preserved. The chancery court had no jurisdiction, on motion in the summary manner here indicated, to expunge the evidence of the lien of the petitioner obtained and preserved in the manner provided by statute. Sec. 4458, Kirby's Digest. Where the relation of attorney and client exists and the attorney succeeds in recovering a judgment in cases of the nature prescribed by the statute, he has an interest in that judgment, where his lien is duly preserved, of which he cannot be deprived on motion after the judgment has become final. The case of *Owens v. Gunther,* 75 Ark. 37, has no application. The fixing of the fees for the attorneys in that case in no manner affected the judgment previously obtained. The fees allowed were for the attorneys who had been employed by the guardian *ad litem,* who was appointed by the court to represent the minors. The court had jurisdiction to allow the fees for the attorneys at any time. The application for the fees really proceeded as an independent action, and was determined as such. The motion to reconsider and to hold invalid the order of nonsuit is not involved in this record.

The judgment of the chancery court striking the entry of the claim of petitioner for a lien from the margin of the judgment in the case of W. T. Dunbar v. Joseph Evins *et al.,* W. D. Bell and W. D. Waters, cross complainants, is quashed, set aside and held for naught.