SENNEFF, BLISS, WITWER & SENNEFF et al., Appellants, v.
SAMUEL S. SHARPE, Appellee.

**ATTORNEY AND CLIENT:** Equitable Foreclosure. An attorney
may maintain an equitable action against judgment funds in
the hands of the clerk (1) to determine the amount due, and
(2) to foreclose his lien. .

*Appeal from Franklin District Court.*—E. M. McCALL,
Judge.

NOVEMBER 11, 1919.

ACTION in equity to foreclose an attorney's lien. The
material facts are stated below. Upon motion of counsel
for defendant, the cause was transferred to the law side
of the docket for trial. From this ruling, plaintiff appeals.
—*Reversed.*

*Senneff, Bliss, Witwer & Senneff,* and *Healy & Thomas,* for appellants.

*E. P. Andrews* and *B. H. Mallory,* for appellee.

STEVENS, J.—Plaintiffs are attorneys at law, and al-
lege in their petition that they were employed by defend-
ant, by oral contract, to represent him as attorneys in a
suit to partition a large tract of real estate in Franklin
County; that, by the terms of said oral contract, the de-
fendant agreed to pay plaintiffs one fourth of all sums re-
ceived by him in said partition proceedings, in which there
was a controversy as to the interest of certain other claim-
ants; that the trial of the partition suit resulted in a de-
cree fixing the interest of defendant in the real estate,
which was thereafter sold, and $15,601.88, after paying ex-
penses, was realized for defendant from such sale, one
fourth of which is claimed by plaintiffs.

It is further alleged in said petition that plaintiffs gave notice of their lien, after judgment and decree were entered in the partition suit, as provided by Section 321 of the Code of 1897, by properly entering same on the judgment docket. It further appears, from the allegations of said petition, that cash sufficient to pay plaintiffs' claim was later deposited with the clerk of the district court by the referee, and is now in his possession. Plaintiffs, therefore, pray for judgment and a decree foreclosing their alleged lien upon the funds in the hands of the clerk, and subjecting same to the payment thereof.

As above stated, before answer, defendant moved the court to transfer the cause to the law side of the docket for trial, which motion the court sustained. Both appellants and appellee cite and rely upon prior decisions of this court to sustain their respective claims. It is argued by counsel for appellee that plaintiffs' cause of action is based upon a mere demand for money, for the recovery of which action must be prosecuted by ordinary proceedings; whereas counsel for appellants take the position that their action is to foreclose a lien upon the funds in the hands of the clerk, and that same was properly brought in equity. It is necessary, therefore, for us to review the decisions cited and relied upon by the respective parties, and to ascertain whether there is any conflict, real or apparent, therein.

The plaintiff in *Crissman v. McDuff*, 114 Iowa 83, sought to foreclose an attorney's lien in equity. It appears from the statement of the court that, after securing a judgment for defendant against one Blachley in the district court, he gave notice of a lien thereon for services rendered, by properly entering same upon the judgment docket. Defendant filed answer, and thereafter moved that the cause be transferred to the law docket for trial. This motion was overruled. Before filing answer and motion to transfer, defendant executed a bond, as provided by Sec-

tion 322 of the Code, for the purpose of releasing the lien. This court held that the action was properly commenced in equity; that the issue was one of equitable cognizance; and that plaintiff, notwithstanding the filing of a bond, had waived his right to have the cause transferred, by answering before filing the motion. See Section 3434 of the Code.

In *Jamison & Smyth v. Ranck*, 140 Iowa 635, the motion of defendant to transfer, which was overruled, was filed after a bond had been given, and before answer. This court held that the ruling of the district court was erroneous, for the reason that plaintiff's lien had been released by filing a bond given for that purpose, and that their cause of action was thereby converted into a mere money demand, triable only by ordinary proceedings. *Crissman v. McDuff*, supra, was cited by the court in the above case, with apparent approval. Section 322 of the Code of 1897 provides that:

"Any person interested may release such lien by executing a bond in a sum double the amount claimed, or in such sum as may be fixed by any district judge, payable to the attorney, with security to be approved by the clerk of the Supreme or district court, conditioned to pay any amount finally found due the attorney for his services, which amount may be ascertained by suit on the bond."

The court, in *Sweeley v. Sieman*, 123 Iowa 183, which was a suit in equity to foreclose an attorney's lien upon a note belonging to his client, which was in the possession of plaintiff, sustained defendant's motion to transfer the cause to the law docket for trial.

The facts in *Barthell v. Chicago, M. & St. P. R. Co.*, 138 Iowa 688, were substantially as follows: Plaintiff, as attorney, instituted suit against the defendant, for one Barker, to recover the value of certain horses killed by one of defendant's trains, and at the same time notified the defendant in writing that he claimed a lien of 50 per cent

upon the amount demanded.   Later, defendant and Barker
settled the claim for $300.   Plaintiff then brought suit
against the railway company to recover one half of the
amount paid in settlement.   Defendant moved to transfer
the cause to equity, and the motion was overruled.   In sus-
taining the lower court, we again held that the action was
brought to recover on a money demand only, and that no
equitable issue was presented.

The above are the only cases cited by counsel upon ei-
ther side upon this point.   It follows, from our holding in
the foregoing cases, that, where the funds to which attor-
ney's lien has attached are in the hands of the adverse par-
ty. or of the clerk of the district court in which judgment
was entered, and notice of such lien has been given by prop-
erly entering the same upon the docket, as provided by Sec-
tion 321, supra, the holder of such lien may maintain an
action in equity to foreclose the same, and have the fund
subjected to the payment of an indebtedness due him; but,
if he has only a possessory lien, or the lien has been re-
leased by the execution of a bond, or where, after due no-
tice, the adverse party has paid the claim to, or com-
promised the same with, the client, action to recover the
amount due the attorney under his contract must be by or-
dinary proceedings.

It will, therefore, be observed that the cases cited are
distinguishable, and all rest upon well recognized prin-
ciples of law.   An attorney's lien exists only because of the
statute, and will not be enforced as a purely equitable lien.
This case is ruled by *Crissman v. McDuff*, supra.   Plain-
tiff's cause of action is bottomed upon an express oral con-
tract for services rendered, and, under the statute, a lien
attached to the funds in the hands of the clerk.   A court of
equity has jurisdiction to determine the amount due up-
on the contract, and to enforce the lien upon the fund;
whereas, in the other cases cited, plaintiff had only a mere

money demand, or else it became such by the filing of a bond to release the lien. As bearing somewhat upon the questions discussed above, attention is directed to the following cases: *Smith & Baylies v. C., R. I. & P. R. Co.,* 56 Iowa 720; *Hubbard v. Ellithorpe,* 135 Iowa 259; *Crosby & Fordyce v. Hatch,* 155 Iowa 312. It may also be interesting to note the rule prevailing in a few other jurisdictions: *Payne v. Payne,* 106 Tenn. 467 (61 S. W. 767); *Reynolds v. Reynolds,* 10 Neb. 574 (7 N. W. 322); *Fuller v. Clemmons,* 158 Ala. 340 (48 So. 101); *Coombe v. Knox,* 28 Mont. 202 (72 Pac. 641); *Osborne v. Waters,* 92 Ark. 388 (123 S. W. 374); *Fischer-Hansen v. Brooklyn Heights R. Co.,* 173 N. Y. 492 (66 N. E. 395); *Clark v. Sullivan,* 3 N. D. 280 (55 N. W. 733).

It follows from what is said above that the court erroneously sustained defendant's motion to transfer plaintiffs' cause of action to the law side of the docket for trial. The judgment of the court below is, therefore, reversed, and cause remanded for further proceedings in harmony herewith.—*Reversed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.