Ross v. The C., R. I. & P. R. Co.

55   691<br>138  690

1. **Judgment**: ASSIGNMENT: VALIDITY OF. Where an administratrix paid an attorney for services rendered in an action commenced by her decedent, by the assignment to him of a portion of the judgment recovered, in accordance with a contract made with the attorney by the decedent, it was held that the assignment would not be rendered invalid by the fact that such contract was champertous and void.

2. ——: ——: NOTICE OF. Evidence considered and held to show that a judgment defendant, at the time of the payment of the judgment to the plaintiff, had notice that an interest therein had been assigned to another.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, APRIL 20.

ACTION in equity to set aside the cancellation of one-half of a judgment, and to establish the same in plaintiff's favor. The judgment in question was rendered against the defendant for $5,000, in the Shelby Circuit Court, in favor of one Mary Simonson, administratrix of the estate of Lars Nelson, deceased. After the rendition of the judgment she assigned one-half thereof to the plaintiff, for the use of the firm of Ross & Dailey, in payment of legal services in obtaining the judgment, and after the assignment she compromised and settled with the defendant for $500. A report of the compromise and of the receipt of $500 was made by her to the Circuit Court of Pottawattamie county, from which her letters had been issued, and the report was approved. After-

ward a certified copy of the approval was filed in the Circuit Court of Shelby county, where the judgment was rendered, and the clerk of the court, upon the strength of such copy thus filed, entered upon the record of the judgment a cancellation thereof. The plaintiff, who was a member of the firm of Ross & Dailey, now dissolved, brings this action for the use of the firm to set aside the cancellation, so far as the interest of the firm in the judgment is concerned. The defendant resists the plaintiff's application upon the ground that the assignment was made in pursuance of a champertous contract, and is, therefore, void, and upon the further ground that the defendant settled with and paid the judgment plaintiff the sum of $500, in satisfaction of the judgment, in good faith, and without knowledge of the assignment of one-half thereof to the plaintiff, for the use of Ross & Dailey.

The court dismissed the plaintiff's petition and the plaintiff appeals.

*Finley & Burke*, for appellant.

*Rising, Wright & Baldwin*, for appellee.

ADAMS, CH. J.—I. If the assignment was valid, Ross & Dailey become the owners of one-half the judgment, and if

1. JUDGMENT: assignment: validity of

the defendant settled with, and paid, the judgment plaintiff, with knowledge of the assignment, such settlement and payment would effect a discharge of only that portion of the judgment not assigned. Nor would the proceedings in the Probate Court conclude Ross & Dailey, as such court had no jurisdiction to determine any rights, except such as pertained to the estate of Lars Nelson.

The question first presented is as to whether the assignment was valid.

The action in which the judgment was rendered was brought in the lifetime of Lars Nelson, and in his name. Ross & Dailey were employed by him as his attorneys, under an agreement that they should receive for their compensation

for services and costs one-half of any final judgment that should be rendered. Before the rendition of final judgment he died. His mother and only heir, Mary Simonson, having been appointed administratrix of his estate, was substituted as plaintiff. She retained Ross & Dailey as attorneys, who continued to prosecute the action, and finally obtained the judgment in question. She then made the assignment to them, which is in these words:

"MARY SIMONSON, Administratrix.
vs.
"THE CHICAGO, ROCK ISLAND &
PACIFIC R. R. Co.

Judgment for
the sum of
$5,000.

"For value received I hereby assign and set over to L. W. Ross, for the use of the late firm of Ross & Dailey, one undivided half of the above judgment, and authorize him to receive and receipt the said judgment for the amount hereby assigned.

"MARY SIMONSON."

The petition avers that this assignment was made in recognition of the agreement made with Lars Nelson.

Whether the agreement made with Lars Nelson was champertous or not we need not determine. If it was champertous it was void, and the administratrix was not bound by it. It was, nevertheless, her duty to settle with Ross & Dailey, and pay them for their services what they were reasonably worth. After she settled with and paid them by an assignment of one-half of the judgment she was not, we think, entitled to dispute the validity of such assignment, on the ground that it was made in recognition of a champertous agreement between Ross & Dailey and her intestate. Upon its face the assignment was valid, and had the effect to make the judgment defendant debtor to the assignees. She could have contested the assignment only by invoking the aid of a court of equity: but a claim for affirmative relief in a court of equity could not be based upon champerty. If

the assignment was valid as to the administratrix, as we conclude it was, it was valid as to the defendant.

II. There remains to be considered whether, at the time the defendant settled with and paid the judgment plaintiff, it had notice of the ownership of a part of the judgment by Ross & Dailey.

2. ——: ——:
notice of.

The settlement was effected by the same attorneys who had acted for the defendant during the litigation which resulted in the judgment. It is not denied, nor could it well be, that if the attorneys, or either of them, had the knowledge of the ownership by Ross & Dailey, such knowledge would be deemed the knowledge of the defendant. The controversy is as to whether the defendant's attorneys, or either of them, had such knowledge.

And here it is proper to observe that direct and positive knowledge was not necessary to affect the defendant. It was sufficient if the defendant's attorneys, or either of them, had, at the time they made the settlement, knowledge of a claim on the part of Ross & Dailey, which should have led them as reasonable men, honestly desiring to protect the rights of all concerned, to inquire of Ross & Dailey what their claim was. The fact that they saw an opportunity to settle a judgment of $5,000 for $500 had no tendency to excuse them from making such inquiry as would otherwise have been incumbent upon them.

We come, then, to inquire whether they did have knowledge of a claim upon the part of Ross & Dailey. To prove knowledge of such claim, the plaintiff read the deposition of one Williams, who testified that he was a creditor of Ross & Dailey, that he had a talk with Mr. Wright, one of the defendant's attorneys, and told him that Ross & Dailey claimed to have an interest in the judgment, and that Ross proposed to pay him from the proceeds of the judgment. He further says: " I knew they owned a half interest, and I think that I told Mr. Wright that from that half interest they proposed to pay me." To rebut this evidence the defendant introduced

and examined Mr. Wright as a witness.  He testified as follows:  " I have read the deposition of W. S. Williams particularly.   I recollect that he came to my office and inquired in relation to the Nelson suit.   I don't think he knew what Ross & Dailey's interest was, and there was nothing at all said in relation to what their interest was in the suit.   He asked me if they had an interest in the judgment which had been rendered and was then pending in the Supreme Court.   I told him that I supposed they had the case on a contingent fee."

It will be seen that Williams' statement that he told Wright that Ross & Dailey claimed an interest in the judgment is not directly denied.   We think, therefore, that Williams' statement must be taken to be true.

But it is insisted by the defendant that knowledge of a claim of interest in the judgment is not knowledge of a claim of ownership.

It is true that *interest* is a broader term than ownership.  But where a person has knowledge of a claim of interest he is put upon inquiry, we think, as to whatever may reasonably be deemed to be included under such general term.   Now, one of the most obvious and tangible of interests is ownership.

But it is insisted by the defendant that it does not appear that, at the time of Williams' communication to Wright, Ross & Dailey had acquired any ownership in the judgment.

To this we think that two answers may be made.   If Williams is to be believed they had acquired such ownership, because Williams, testifying in regard to what he told Wright, says:  " I knew they owned a half interest."   Again, they certainly owned a half interest at the time the defendant settled with the administratrix, and if the defendant was put upon inquiry, at the time it was settled he must be deemed to be charged with knowledge of whatever an inquiry properly made would have led to.

We conclude, therefore, that the defendant must be deemed to be affected with knowledge of Ross & Dailey's ownership, and that such ownership was not affected by reason of the settlement.

The views which we have expressed find support in the following authorities: *Guthrie v. Bashlin*, 25 Pa. St., 80; *May v. LeClaire*, 11 Wall, 217; *Jones v. Bamford*, 21 Iowa, 217; *Allen v. McCalla*, 25 Id., 464.

REVERSED.