SMITH & BAYLIES v. THE C., R.  I. & P. R. Co.

1. **Attorney's Lien**: NOTICE OF: SUFFICIENCY.   A notice of a claim for
   an attorney's lien, inserted by the plaintiff's attorneys in the original
   notice served upon the defendant in an action, is sufficient if properly
   signed.

2. ——: ——: SERVICE ON CORPORATION.   The service of notice of a
   claim for an attorney's lien upon the agent of a corporation upon whom
   the original notice in the same action is served, and at the same time, is
   a sufficient service to bind the corporation.

3. ——: WHEN GIVEN: ACTIONS OF TORT.   The right to a lien on money
   due his client in the hands of the adverse party, given an attorney by
   subdivision 3 of section 215 of the Code, is not confined to actions on con-
   tract, but exists in all actions where there is a money liability from the
   adverse party to his client.

4. ——: NOTICE.   A single notice that a lien is claimed is sufficient to
   cover all services rendered in the action by the claimant, whether before
   or after the service of the notice.

Smith & Baylies v. The C., R. I. & P. R. Co.

## Appeal from Polk Circuit Court.

### FRIDAY, OCTOBER 21,

THE plaintiffs were employed by one Johnson to commence and prosecute an action against the defendant for a personal injury. They allege that at the time of the commencement of the action they gave notice to the defendant that they claimed an attorney's lien upon money in defendant's possession due Johnson, for general balance of compensation due them for services as attorneys for Johnson. They allege that after the service of such notice the defendant settled with, and paid, Johnson in full in disregard of their attorney's lien; that judgment has been obtained against Johnson for $100 for such services; that execution has been issued and returned unsatisfied, and that the judgment is wholly unsatisfied. They therefore ask judgment against the defendant for $100 and interest and costs. The several matters of defense will be set out in the opinion. There was a trial without a jury and judgment for the plaintiffs for the amount claimed. The defendant appeals.

*Wright & Wright,* for appellant.

*Smith & Baylies,* for themselves.

ADAMS, CH. J.—I. The defendant claims that the notice of the lien upon which plaintiffs rely is insufficient. The
1. ATTORNEY'S notice was inserted in the original notice, and the
lien: notice
of: suffi- service of it was made in connection with the
ciency. service of the original notice.

The objection is based upon the ground that the original notice can have but one office, and that is to bring the defendant into court; and that anything inserted in the notice not pertinent to this purpose is foreign and extraneous and ought not to be treated as having any force.

The statute simply requires the notice to be in writing.

VOL. LVI—46.

In this respect the notice given conformed to the statute.    It was not a part of the original notice, but was written in a blank space between the parts of the original notice.    If it had been written upon the margin, below the original notice, and properly signed, we think no question could be properly raised as to its sufficiency.    The case, in our opinion, is not essentially different.    To hold that it is would be giving more force to a mere matter of form than we feel justified in doing.

It has occurred to us that possibly a question might have been raised in regard to the sufficiency of the signing. How the notice was in fact signed does not distinctly appear. A copy is set out, but the signature is omitted.    We infer, however, that it was not signed by Johnson alone, the plaintiff in that case, but by his attorneys, the present plaintiffs, who claim the lien.    It would seem clear that Johnson could not give the requisite notice of the claim of a lien.    The doubt we have is as to whether his attorneys could do so if they signed the paper merely in a representative capacity.    So far, however, as the abstract shows, it might have been signed by the plaintiffs both in their representative and individual capacity.    Besides, no question upon this point has been raised by the defendant, and we refer to it merely because we do not wish to be understood as having passed upon it.

II.    It is further objected that the notice, so far as it was a notice of a claim of a lien, was not served upon the right 2. ——:——: person.    It seems to be conceded that the agent
service on
corporation.    upon whom the notice was served was such agent that the service was sufficient to bind the company so far as the original notice was concerned, but it is insisted that it does not follow that he was such agent that the company was bound so far as the notice of the claim of a lien was concerned.

The notice of the claim of a lien may be served upon the adverse party or the attorney of such party.    In this case the adverse party is a corporation.    Notice to it can be served

only by service upon some officer or agent. Upon what officer or agent notice of a claim of a lien can be served the statute does not provide. The general rule is that notice to a corporation should be served upon some officer or agent who is charged with some duty respecting the matter to which the notice pertains. Notice to a principal, generally, if served upon an agent, should be served upon such agent. The very provision of the statute allowing service of a notice of a claim of a lien to be made upon the attorney of the adverse party must be based upon the principle that the attorney is charged with a duty in respect to the claim from the proceeds of which the lien is to be satisfied. The statute provides upon what persons an original notice may be served. Whether the notice of the claim of a lien may be served upon any one of that class we do not determine. Perhaps such service could not be held to be good. A person by merely belonging to such class could not be held to be charged with any duty in respect to the claim upon the proceeds of which a lien is claimed. But the moment the original notice is served upon some individual agent of that class the agent so served becomes charged with a duty respecting the matter to which that notice pertains, viz., the claim in suit. It is his duty, at least, to deliver the papers served upon him to the proper person. Now, during the time he is charged with such duty we think that notice of a claim of a lien upon the proceeds of the claim in suit may be served upon him.

III. The point upon which the defendant seems to rely with most confidence is that, where there is nothing due from the adverse party except by way of damages for a tort, there is nothing, prior to judgment, upon which a lien can attach. The statute gives an attorney a lien upon "money due his client in the hands of an adverse party." Code, § 215. Where money is due the attorney's client only by way of damages for a tort, it is said that it cannot be deemed to be money due his client in

the hands of the adverse party. The defendant relies upon a bankrupt case. *In re Scroggin*, 8 Bankrupt Rep., 330. Deady, J., in construing a statute giving an attorney's lien upon "money in the hands of the adverse party," said: "Something more is meant than a mere debt from such party to the client of the attorney who claims the lien. On the contrary, money in his hands means some specific funds which have actually come into his possession as custodian or trustee, and to obtain which action is brought."

This view would deprive an attorney of a lien, not only in all actions of tort, but in all actions brought upon contract, except where brought against a custodian or trustee for specific funds held in custody or trust. We think that neither the profession nor courts of this State have placed so narrow a construction upon our statute. Indeed, it seems to have been assumed that an attorney's lien may properly be claimed in all actions upon contract (*Myers v. McHugh*, 16 Iowa, 335), and we have no doubt that this assumption is well founded.

We come next to inquire whether the actions in which an attorney's lien can properly be claimed are limited to actions on contract. The statute provides that an attorney may have a lien upon money due his client in the hands of the adverse party in "an action," etc. If by "an action" is meant simply an action upon contract, the legislative intent was certainly very inexplicitly and very strangely expressed. We can see no reason for leaving the words, *upon contract*, to be interpolated by judicial construction. But it is said that the necessity for such interpolation appears from the very nature of the case. It is said that there cannot be money due the claimant in the hands of the adverse party in an action where there is simply a liability for a tort.

In a certain sense this is true; but it is not more true than that there cannot be money due the claimant, in the hands of the adverse party, in an action where there is simply a liability upon contract. In neither case is there any specific money

upon which the attorney has a lien in the sense in which an innkeeper has a lien upon the trunk of his guest, or the landlord upon the personal property of his tenant, used upon the premises during the tenancy. An attorney's lien is a mere right to demand that when the payment of the money due the attorney's client comes to be made, whether voluntarily or involuntarily, the attorney's claim shall be respected. Viewing the lien in this light, it will be seen at once that there is no more difficulty in allowing it in an action brought for a tort than in an an action brought upon a contract. But notwithstanding the general language of the statute allowing a lien "in an action", etc., without any express limitation to an action upon contract, and notwithstanding there may not be, in the nature of things, any more difficulty in allowing it in one case than in the other, yet it is said that it ought not to be allowed except in actions upon contract, and that this consideration alone would justify the court in construing the words "an action", as used in the statute as meaning *an action upon a contract.*

To this we have to say that if we deemed the consideration far more weighty than we do, we should hesitate about taking the liberty with the statute which we are asked to take. But we do not deem it of very great weight. The consideration urged is this: Litigants should be allowed to settle all claims for tort by compromise. Now it is said that an attorney's lien would embarrass such settlements, and therefore the lien should be allowed only in actions upon contract. But the argument, if sound, should be carried considerably farther. The lien should be confined not simply to actions upon contract, but to actions upon contract in which the defendant does not claim to have a defense. No good reason can be assigned why the desirableness of allowing a settlement by compromise should exclude an attorney's lien in an action for tort, brought, for instance, for destroying certain personal property, and allow an attorney's lien in an action brought to recover the reasonable value of certain work

and labor where there was nothing in dispute except the value of the work and labor. Besides, it appears to us that the embarrassment, which the defendant's counsel so greatly deprecate, is an embarrassment in paying, and not in agreeing by compromise upon the amount due. The lien given is not upon the claim. If it were perhaps the attorneys would have a right to control the claim if they saw fit, so far as to prevent any settlement that should not yield their client enough to pay them. But the statute gives a lien merely upon the money due. This does not prevent the parties from agreeing as to the amount due if they act in good faith, and if they do thus agree the amount agreed upon becomes the amount due, and that is all that the attorneys have a lien upon.

In the case at bar the parties agreed upon two hundred dollars as the amount due. So far the lien caused no embarrassment. It should have caused no embarrassment in the payment. The company should have paid the claimant's attorneys, the present plaintiffs, and allowed them to settle with their client for what their services were worth. But the defendant claims that it was its right to pay the claimant directly, in the absence of the attorneys, and without their knowledge.

The right to make such payment would doubtless be valuable in many cases. It is well known that irresponsible and unscrupulous claimants can be settled with upon more favorable terms after expensive litigation, if they can be allowed to receive the whole payment and cheat their attorneys. But however valuable the right may be, this consideration has no weight when addressed to a court.

Nor, do we think that there is anything which we can notice in the objection that if a lien is allowed attorneys will advise against proper settlements by compromise. The lien is valuable, mainly, where the claimant is irresponsible. Where such is the case and the claim is a doubtful one, the

attorneys are as much interested in settling by compromise as the claimant.

Having considered how the question stands upon principle, we have to inquire how it stands upon authority. The defendant relies upon *Wood v. Andres*, 5 Bush (Ky.), 681; *Henchy v. The City of Chicago*, 41 Ill., 136; *Coughlin v. N. Y., C. & H. R. Co.*, 71 N. Y., 443; *Hobson v. Watson*, 34 Me., 20; *Hutchinson v. Howard*, 15 Vt., 24; *Foot v. Tewksbury*, 2 Vt., 97; *Hutchinson v. Pettes*, 18 Vt., 614; *Chapman v. Hood*, 1 Taunton, 341.

All these cases except the first are cited in support of the proposition that there cannot be an attorney's lien before judgment. But under our statute it is evident that there can be. The provision under consideration is found in subdivision 3, of section 215 of the Code. Subdivision 4 of the same section provides for obtaining a lien after judgment. If no lien could be had except after judgment, no force could be given to subdivision 3. Besides, in *Myers v. McHugh*, above cited, the existence of an attorney's lien before judgment was expressly recognized.

The case of *Wood v. Andres*, cited by defendant, was decided under a statute which is in these words: "Attorneys-at-law shall have a lien upon any chose in action, account, or other claim or demand, put into his hands for suit or collection." It was held that the claim or demand, contemplated by the statute, was a claim or demand arising only by contract. We cannot say, taking the whole provision together, that the construction placed upon the language used is not correct.

But our statute is different. It gives a lien upon "money due." It gives a lien, we think, wherever there is a liability to be discharged in money, and action is brought for its recovery. Damages for a tort are to be paid in money. It may be that the lien in such case, or in any case, is not enforceable until the amount has been determined by judgment

or agreement. But whenever enforceable the lien dates from the service of the notice. Code, § 215.

The only decision to which our attention has been called, made by an appellate court upon a statute similar to ours, is in *K. P. R. Co. v. Thatcher & Stephens*, 17 Kansas, 92. That action, like the present, was brought to recover for personal injury. Notice of a claim of an attorney's lien was given. Afterward the company settled with and paid off the claimant, and no judgment was rendered. The court held that the lien attached, and that the attorneys were entitled to recover of the company. The court said: "This (statute) gives a lien, not simply upon a judgment, but upon ' money due.' It does not specify for what the money must be due, nor limit the lien to any particular class of liability or form of action. Wherever an action is pending in which money is due the attorney may establish his lien. And in an action the verdict and judgment do not create the liability, do not make the money due. They are simply the conclusive evidence of the amount due from the commencement of the action."

In our opinion, then, the fact that the action in which the plaintiff's lien was sought was for a tort, and no judgment was rendered, is not sufficient to defeat their lien.

IV. It is said by the defendant, however, that the plaintiffs had a contract with their client, Johnson, for a contingent fee, to-wit: one-half of the amount recovered, and that the notice of a claim of a lien as given, which was a claim of a lien for general balance of compensation, was not sufficient to give notice of the plaintiff's contract.

We do not feel required to determine this question. We have examined the evidence, and fail to find the contract alleged. The evidence tends to show that at the time the services were rendered such contract did not exist, but that the plaintiffs were entitled to charge their client what their services were reasonably worth and no more. Afterward, however, Johnson claimed that the plaintiffs were to have one-

half and only half.  So they settled with him, so far as the amount was concerned, upon that basis, and took a judgment for that amount.  In proving their claim against the defendant they proved what their services were reasonably worth, and their recovery was based upon such proof.

V.  One question remains to be considered.  At the time the notice was served only a small fraction of the plaintiffs'

4. ——— :
notices.

services had been rendered.  It is claimed that no lien could attach by reason of the service of such notice except for services then rendered.

If this construction of the statute is correct, attorneys, in order to protect themselves fully, would need to serve notices continually while their services were being rendered.  We think that one notice was sufficient to cover all the services then rendered, or thereafter rendered, in the action.  In our opinion the judgment must be

AFFIRMED.