G. A. GIBSON AND MILT H. ALLEN v. THE CHICAGO, MIL-
WAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.
MARGARET BUSHGENS, Intervener.

Attorney and Client: NOTICE OF LIEN. Notice of an attorney's
1   lien signed by the attorney for his client advising a defend-
    ant that he claims a lien against any money recovered in the
    action, is sufficient.

Attorney's Lien: EXTENT OF. The lien of an attorney is upon
2   the money due his client for services actually rendered, and
    if duly employed and proper notice is given he has a lien,
    even though subsequently discharged and a recovery is secured
    by other attorneys in another action and in a different court.

Same. The lien of an attorney only entitles him to recover for
3   his own personal services and not for the services of another
    employed by him to assist without the knowledge or consent
    of his client.

*Appeal from O'Brien District Court.*—HON. GEO. W.
WAKEFIELD, Judge.

WEDNESDAY, FEBRUARY 3, 1904.

ACTION to compel defendant to pay a sum of money al-
leged to be due from intervener to plaintiffs for services as
attorneys, as to which plaintiffs claim to have had a lien on
money due intervener from defendant at the time the ser-
vices were rendered, which money has since been paid by de-
fendant to intervener without satisfying the plaintiff's lien.
Verdict and judgment for plaintiffs. Defendant appeals.—
*Reversed.*

*J. C. Cook* and *O. H. Montzheimer* for appellant.

*G. A. Gibson* and *Milt H. Allen* pro se.

McCLAIN, J.—The evidence tended to show that Mrs.
Bushgens, the intervener, received severe injuries about May

10, 1898, while a passenger on defendant's train, and was carried to a hotel, where, among strangers, and while suffer-ing great pain, she was visited by G. A. Gibson, an attorney, and one of the plaintiffs, and where, as he testifies, a written contract, drawn up by him, was signed by her, authorizing him as attorney to prosecute for her an action against the de-fendant to recover damages for the injuries she had sus-tained, and providing that as compensation for his services he should have one-half the amount which she should receive as the result of such action or by way of settlement of her claim. It should be said, in fairness to Gibson, that, accord-ing to his testimony, he did not seek out Mrs. Bushgens for the purpose of inducing her to enter into such contract, but that he called on her as an act of kindness, and that when she discovered that he was an attorney the contract was en-tered into at her suggestion. However this may be, on the next day an original notice of an action by Mrs. Bushgens against the railroad company for the next term of court, which was to commence on May 23d, was served on the agent of the company, and on the day following a petition was filed, in which damages were claimed in the sum of $1,500. In connection with the service of the original notice, the rail-road company was served with a notice signed by "G. A. Gib-son, for Margaret Bushgens," advising the company that he claimed an attorney's lien in the amount of $750 against any money recovered in the action. Within two or three days after the service of the notice Gibson entered into an arrange-ment with Milt H. Allen, another attorney, and his co-plain-tiff in this action, by which he assigned to the latter a one-third interest in the contract, and Allen agreed to assist Gib-son in conducting the case. Mrs. Bushgens had no knowl-edge of this arrangement until advised thereof in a letter written to her by Gibson on May 21st, in which she was also advised that an amended and substituted petition had been filed, fixing the amount of damage claimed at $1,999. This petition was signed by both Gibson and Allen as plaintiff's attorneys. On June 1st Gibson was advised by Mrs. Bush-

gens that she had directed a dismissal of this action, and it was in fact dismissed at her direction. Subsequently a suit was brought for her by other attorneys against the company in the federal court, which suit was afterwards settled on the payment of $2,000. In the present action to recover judgment against defendant for attorney's fees, for which plaintiffs claim a lien, a verdict was rendered for plaintiff's, and judgment was entered in their favor for $200, and defendant asks a reversal for errors of the court, first, in submitting the question as to the validity of the employment of Gibson by Mrs. Bushgens; second, in its ruling upholding the sufficiency of the notice of an attorney's lien; third, in its ruling that the lien continued after the dismissal of the first action; and, fourth, in permitting plaintiffs to recover for their services under the alleged contract made with Gibson alone.

I. As to the question whether Gibson was employed, the errors argued are with reference to an instruction which authorized the jury to consider evidence tending to show that Mrs. Bushgens was induced to sign the contract under such circumstances that, by reason of her physical and mental condition, and the influence brought to bear upon her, the act was not voluntary and binding. The instruction sets out very fully the circumstances relied upon by defendant, and in this respect there is no cause for complaint; but the contention is that by the language of the instruction the jury could find the contract not binding only if they found all the facts recited to be true, whereas the finding of the truth of some of them, although others were found to be untrue, would have required the same result. We doubt whether the jury were misled, especially in view of a previous instruction, in which they were told that the burden was on defendant to prove the material allegations of the answer in this respect, or such number of them as would show that at the time and under the circumstances Mrs. Bushgens was not capable, for want of mental capacity, to bind herself by a contract, or that the contract was procured by fraud. Even if the instruction complained of was open to objection, we do

not think the giving of it constituted prejudicial error, and, in view of the conclusions reached on another point, we need not further consider the question.

II. The notice given by Gibson was sufficient to advise defendant that he claimed a lien as attorney, even though it purported to be signed by him as plaintiff's attorney, and not

1. Notice of lien. for himself. Defendant could not have misunderstood the object of the notice.

III. The lien of an attorney provided for by Code, section 321, so far as it applies to this case, is on "money due his client in the hands of the adverse party * * * in the

2. ATTORNEYS lien: extent of. action or proceeding in which the attorney claiming the lien was employed." The lien is on the money due, not on the judgment or amount recovered in the action in which the attorney is employed. The client cannot, by dismissing the action and employing another attorney, defeat the lien of an attorney duly employed for services rendered under his contract of employment. The court correctly presented the case to the jury on the theory that the attorney bringing the action and giving the notice had only a lien for services rendered, and not for the share of the recovery stipulated for in the contract. *Tompkins v. Nashville, C. & St. L. R. Co.* (Tenn.) 72 S. W. Rep. 116 (61 L. R. A. 340). But for actual services rendered while the employment continued, the attorney, if duly employed, and giving proper notice, has a lien, even though the recovery is secured as the result of another action, brought by other attorneys, and in a different court.

IV. But the employment of Gibson and the notice given by him only entitled him to compensation rendered, and a lien therefor on the money due his client. He was not author-

3. SAME. ized to employ Allen. When advised that Allen had been retained, Mrs. Bushgens, without assenting to such employment, promptly dismissed her action. She never voluntarily availed herself of Allen's services or took any benefit therefrom. Clearly, therefore, Allen had no lien for any services rendered by him. But counsel argue

that Gibson could assign his lien. Perhaps he might; but only the lien for his own services, not for those of another. The court allowed plaintiffs to prove, and directed the jury to find the value of the joint services rendered by both. It appears that Gibson was at this time an attorney of little experience, and that Allen had much greater experience and reputation; and it clearly appears from the record that the jury were authorized, under the evidence and instructions, to find that the reasonable compensation for the services of Gibson and Allen jointly would be much greater than the compensation which they should reasonably allow for the same services had they been rendered by Gibson alone. There was no lien for the services of Gibson and Allen jointly, and the court erred in allowing plaintiffs to introduce evidence of the value of the joint services of Gibson and Allen, and in instructing the jury to find the reasonable value of such services.—REVERSED.