M. J. Sweeley, Appellant, v. W. H. Sieman, Appellee.

Attorney's Lien: PROCEEDING TO ESTABLISH: FORUM. An action brought in equity to recover for services and to establish an attorney's lien should be transferred and tried to a jury.

*Appeal from Sioux District Court.*—Hon. T. R. Gaynor, Judge.

Thursday, February 18, 1904.

Action to recover compensation for services alleged to have been rendered by plaintiff in behalf of defendant. Verdict and judgment for defendant, and plaintiff appeals. —*Affirmed.*

*M. J. Sweeley and Van Osterhaut & Hospers* for appellant.

*Orr & Te Paske* for appellee.

Per Curiam.—Plaintiff commenced this action, as in equity, to recover the value of services alleged to have been rendered by him for the defendant in bringing suit against one Snyder upon a promissory note, and in examining certain records in proceedings in which Snyder was adjudged bankrupt. The petition also alleged plaintiff's right to an attorney's lien on the note, which plaintiff asked to be established and enforced by decree of the court. The defendant denied having employed plaintiff in reference to the bankruptcy proceedings, and, as to the note, says it was agreed between them that plaintiff should receive as full compensation for all his services twenty-five per cent. of the amount actually collected by him, and that, if nothing was collected, then plaintiff was to receive nothing. He further pleads, and it is admitted, that no part of the note has been collected.

I.   On motion of defendant the cause was transferred and tried to a jury, and on this ruling error is predicated. We think the ruling was correct.   An attorney's lien is simply the right to hold or retain in the attorney's possession the money or property of the client until his proper charges have been adjusted and paid.   *Foss v. Cobler,* 105 Iowa, 728;   *In re Wilson* (D. C.) 12 Fed. Rep. 235.   It requires no equitable proceeding for its establishment.   It has been held that the attorney may enforce such a lien as an ordinary judgment creditor may enforce a judgment, or he may proceed summarily against a sheriff who has collected the money on execution, or he may bring a suit at law against the client or the adverse party or both, or, if there be a specific fund, he may proceed by motion and order to get the necessary amount set aside for the payment of his claim.   See cases cited in 4 Cyclopedia 1020, and note.   The plaintiff's claim for services was properly triable to a jury, and there was no error in the order of the court to that effect.

II.   The only other question presented in argument is upon the sufficiency of the evidence to sustain the verdict. As to the agreement, if any, between the parties, and as to the plaintiff's employment in reference to the bankruptcy matters, there was a direct conflict between the testimony of plaintiff and that of defendant.   In this condition of the record, it is elementary that we cannot interfere with the verdict of the jury.

The judgment of the district court is AFFIRMED.