H. F. BARTHELL and E. P. JOHNSON & SON, Appellees, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellant.

**Attorney's lien:** ENFORCEMENT: FORUM. An action to recover for 1 attorney's services and establish a lien therefor is triable at law, and a motion to transfer the cause to the equity calendar should be denied.

**Same:** SUFFICIENCY OF NOTICE. Notice of an attorney's lien which 2 is embodied in the original notice of the action, claiming a lien "for legal services rendered and to be rendered," is a compliance with the statute requiring that the notice shall state in general terms the services for which the lien is claimed.

**Attorneys:** CONTRACT FOR SERVICES: CHAMPERTY. An attorney's 3 contract for services in a damage suit giving him the right to settle the claim, which right is not exclusive, is not champertous or void.

**Attorneys:** SUIT FOR SERVICES: EVIDENCE. Where a client contracts to give his attorney for services a stated portion of the amount recovered, and notice of a lien therefor if given, but the client settles the case without his knowledge, in suing for his services the attorney is not required to prove the validity of the client's claim.

*Appeal from Winneshiek District Court.*— HONS. L. E. FELLOWS and A. N. HOBSON, Judges.

WEDNESDAY, JUNE 10, 1908.

ACTION at law to recover attorney's fees for services rendered one Chas. P. Barker. The trial court directed a verdict for plaintiffs, and defendant appeals.—*Affirmed.*

*Cook, Crocker, Loomis & Tourtellot,* for appellant.

*E. P. Johnson* and *Perry S. Johnson,* for appellees.

DEEMER, J.— One Barker had some horses killed by one of defendant's trains, and he employed the plaintiffs, who are attorneys at law, to bring suit against the company to recover the value of the horses so killed, agreeing to give them, for services rendered and to be rendered, fifty per cent. of whatever was received from the defendant. Barker also agreed that plaintiffs should have the settlement of the suit. Pursuant to this employment suit was brought for Barker by these attorneys, and in the original notice, which was signed by plaintiffs as attorneys for Barker, they stated: "You are further notified that the undersigned attorneys claim an attorney's lien of fifty per cent. upon the amount due or to, become due for legal services rendered and to be rendered." After suit was commenced by the service of the original notice the defendant settled with Barker, paying him $300 in full settlement of the cause of action. Barker died shortly thereafter, and his estate was and is insolvent. Plaintiffs then commenced this action to recover of the defendant one-half of $300, the amount paid Barker upon the settlement. The defendant moved to transfer the cause to the equity calendar, and this motion was overruled. It thereupon answered, denying any liability to Barker, and pleading the invalidity of plaintiff's contract wtih him (Barker). At the conclusion of the testimony taken on the issues joined the trial court upon motion directed a verdict for plaintiffs, and defendant appeals.

I.    Four points are relied upon for a reversal. First it is contended that the trial court erred in denying the motion to transfer to the equity calendar. This point is ruled

1. ATTORNEY'S LIEN: enforcement: forum. by our previous cases, which hold that the action is at law. *Sweeley v. Sieman,* 123 Iowa, 183; *Ward v. Sherbondy,* 96 Iowa, 477; *Gibson v. C., M. & St. P. R. R.,* 122 Iowa, 568; *Smith v. Railroad,* 56 Iowa, 720.

II.    Next it is argued that the notice of the attorneys' lien was insufficient, in that it did not state for what services

the lien was claimed. Code, section 321, provides that " the

2. SAME: suffi-
ciency of
notice.

notice shall state the amount claimed and in general terms for what services." The notice in this case was embodied in the original notice of suit, and advised defendant that the lien was " for legal services rendered and to be rendered." Manifestly this had reference to the services which had been and were thereafter to be rendered in that particular case. This was a sufficient compliance with the statute, in that it stated in general terms the services for which the lien was claimed. *Gibson v. Railroad,* 122 Iowa, 565; *Smith v. Railroad,* 56 Iowa, 720.

III. The next point made is that plaintiffs' contract with Barker was and is champertous and void, in that the attorneys were given the right to settle the claim to the ex-

3. ATTORNEYS:
contract for
services:
champerty.

clusion of Barker himself. There is no merit in this contention. The contract does not in terms give the attorneys the exclusive right of settlement. Nor does it provide that the claim should not be settled without the consent of the attorneys, as in *Boardman v. Thompson,* 25 Iowa, 487. The case is more like *Jeffries v. Ins. Co.,* 110 U. S. 305 (4 Sup. Ct. 8, 28 L. Ed. 156), and *Dunne v. Herrick,* 37 Ill. App. 180, which hold that such an agreement as was made in the instant case is not champertous nor contrary to public policy. Indeed, many courts hold that an agreement that the client shall not settle without the consent of his attorneys is not void. See *Kusterer v. Beaver Dam,* 56 Wis. 471 (14 N. W. 617, 43 Am. Rep. 725); *Ryan v. Martin,* 16 Wis. 57. It is enough to say, with reference to this matter, that there is nothing in the contract which deprived Barker of his right to settle.

Moreover, it is doubtful if defendant can take advantage of the contract. *Small v. Railroad,* 55 Iowa, 582; *Ross v. Railroad,* 55 Iowa, 691; *Hyatt v. Burlington R. R.,* 68 Iowa, 662. Upon the last proposition we make no definite pronouncement at this time, for it is unnecessary to a proper disposition of the case.

IV. Lastly, it is argued that plaintiffs must prove that Barker had a valid claim against the company; that this they did not do, and consequently they must fail. This proposi-

**4. Attorneys: suit for services: evidence.** tion we have also decided adversely to defendant's contention. *Smith v. Railroad,* 56 Iowa, 720; *Parson v. Hawley,* 92 Iowa, 175; *Larned v. Dubuque,* 86 Iowa, 166. Practically every proposition relied upon by appellant has been determined adversely to its contention by previous decisions of this court. Some of these cases may run counter to the weight of authority, but as they have stood for many years without action by the Legislature, we are not disposed to overrule them at this time.

The trial court did not err in any of the respects complained of, and the judgment must be and it is *affirmed.*