CROSBY & FORDYCE, Appellees, v. LESTER O. HATCH Appellant.

**Attorney's Liens: NOTICE: SUFFICIENCY.** In giving notice of an 1 attorney's lien it is not necessary that the notice state the terms of his contract of employment, but if the notice is sufficient to establish a lien on the sum due his client, the adverse party then settles with the client at his peril and can not assume that the lien of the attorney is limited to reasonable compensation regardless of the terms of his contract.

**Same: ENFORCEMENT OF LIEN.** A judgment against his client in 2 favor of an attorney for his compensation will not affect the right to enforce his lien as against the adverse party.

**Same: AMOUNT OF RECOVERY.** Under a contract of employment by 3 which an attorney is to receive from his client for services a stated portion of the amount recovered or received in settlement, the adverse party served with notice of the lien is liable to the attorney for his proportion of the sum involved in the settlement with the client, irrespective of the amount actually paid the client under the settlement.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, MAY 10, 1912.

IN an action by plaintiffs against Alice Royder and Lester O. Hatch to recover attorney's fees and to enforce an attorney's lien in connection with a suit originally instituted by Alice Royder against said Hatch for damages

for breach of promise of marriage, in which suit plaintiffs were the attorneys for Alice Royder, with a contract for a contingent fee of one-half "of the net recovery had or received," either by settlement or otherwise, it appeared that a settlement had been made between Alice Royder and defendant, Hatch, in pursuance of which the sum of $1,500 was paid by the defendant, Hatch, in full of the damages sustained by reason of breach of promise, $200 of which amount was, by agreement, placed in the hands of a trustee, to be held until Alice Royder should settle with her attorneys. Thereupon the trial court held that plaintiffs, having given proper and sufficient notice of a lien in the action by Alice Royder against the defendant, were entitled to recover from defendant the amount due, under their contract with Alice Royder, as attorney's fees. Alice Royder made default, and judgment was rendered against her, from which no appeal has been taken; but defendant, Hatch, appeals from the judgment rendered against him under the claim of an attorney's lien, and he will be treated as the sole defendant.—*Affirmed.*

*Voris & Haas,* for appellant.

*Crosby & Fordyce, pro se.*

McCLAIN, C. J.—It is conceded that under the contract between plaintiffs and Alice Royder, plaintiffs became entitled to receive from her as attorney's fees one-half the amount recovered by her in her action against this defendant, or received by her under any settlement of the suit which she should make; and that a settlement was made, by which defendant paid $1,500 in settlement of the suit. It is also conceded that in said action, brought by Alice Royder against this defendant, plaintiffs, as attorneys, gave proper notice of a claim for attorney's fees on any judgment which should be recovered and upon any

money due or owing to the plaintiff in that action from the defendant, specifying the lien as being "in the sum of $5,000 for services rendered and to be rendered." It is also conceded that the settlement, in pursuance of which this defendant paid $1,500 in full of his liability to Alice Royder, was made without the knowledge or approval of these plaintiffs as her attorneys.

The provision in the Code, relating to attorney's lien, is as follows: "Sec. 321. An attorney has a lien for a general balance of compensation upon: . . . Money due his client in 'the hands of the adverse party . . . from the time of giving notice in writing to such adverse party . . . which notice shall state the amount claimed, and in general terms, for what services."

The contention for appellant is that, as plaintiffs did not give notice of the terms of their contract with Alice Royder, under which they were entitled to one-half the amount recovered or received by her in settlement, their lien, as against the appellant, should be limited to the amount of a reasonable compensation for services which had been performed by them at the time of settlement; and that such reasonable amount did not exceed the sum of $200, which had been placed in the hands of a trustee to secure appellant against any claim which plaintiffs might have against him under their lien. In the case of *Smith v. Chicago, R. I. & P. R. Co.*, 56 Iowa, 720, it was held that under this statutory provision notice of a lien, given at the institution of a suit, is effectual to entitle the attorney to a lien against the defendant in the suit for any amount which may become due to the attorney from his client for his professional services; and that it is not necessary, in order to protect the attorney against a settlement between his client and the adverse party, that the notice specify the amount due; and that the adverse party, in making settlement with the client without consulting his attorney, becomes liable

<span>1. ATTORNEY'S LIENS: notice: sufficiency.</span>

to the attorney for the amount of the attorney's fees actually due. In *Parsons v. Hawley,* 92 Iowa, 175, it was held that the defendant is charged with notice of an attorney's lien properly given; and that if he settles with the plaintiff he is liable for the fees of the attorney in whatever amount may be found to be due. In that case, there was no contract between the attorney and the client as to the amount of fees to be paid, and the court allowed the attorney to recover only what was reasonably due. In *Barthell v. Chicago, M. & St. P. R. Co.,* 138 Iowa, 688, it was held that notice of a lien to the extent of fifty per cent of the claim was sufficient. In *Cheshire v. Des Moines City R. Co.,* 153 Iowa, 88, the attorney, who had a contract for a contingent fee to the extent of one-half the amount received by his client as damages, and had given notice that he claimed an attorney's lien in a specific sum, was allowed to recover from the defendant one-half the amount paid by defendant to his client in settlement of the case; and it was said that it was not incumbent on the attorney, in serving notice of his claim for the purpose of asserting a lien, to state the terms of his contract of employment, and that, if the defendant, settling with the client, has notice sufficient to establish a lien, then he settles at his peril, and may not assume that the lien of the attorney is limited to a reasonable compensation, regardless of the terms of the contract.

From these cases, it is clear that the plaintiffs in the case before us had given sufficient notice to entitle them to a lien for whatever amount was due to them from their client, and that under this notice the defendant entered into a settlement with the client at his peril. If he assumed that $200 would cover the entire amount of plaintiffs' valid claim, he did so at his own risk. Plaintiffs' contract with their client being perfectly valid and enforceable, so far as appears from this record, to the extent of $750, we see nothing to excuse the defendant from the payment of that amount.

The case of *Gibson v. Chicago M. & St. P. R. Co.*, 122 Iowa, 565 (followed without particular comment in *Kauffman v. Phillips*, 154 Iowa, 542) is not in point on the question now under consideration. In that case, although the attorney had a contract for a contingent fee to the extent of one-half the amount which should be recovered in the action or received by way of settlement, it appeared that the contract of employment had been abrogated, the action brought in pursuance of it had been dismissed, and a new attorney employed, who brought another action, which was finally settled. No contract of employment can prevent a client from dismissing one attorney and entering into a new arrangement with another. Such conduct may subject the client to liability to the attorney for damages for breach of contract, but can not prevent his discharge and the consequent conversion of his claim into one of damages for breach of contract, instead of one for services rendered under an existing contract. In the case just cited, it was not denied that the attorney who was discharged might have a lien upon the amount due on the claim subsequently settled to the extent of his right of compensation or damages as against his client; but it was held that the lower court erred in allowing proof of the value of services rendered by another attorney, brought into the case without the client's consent. Without now more fully reviewing that case, it is sufficient to say that it has no application to the case before us, in which plaintiffs remained the attorneys of Alice Royder until after the settlement between her and this defendant had been fully made. This is a case where the defendant, disregarding the notice of a lien, effected a settlement with the client, assuming for himself to determine the measure of the attorneys' rights to compensation; and this he necessarily did at his peril.

The taking of a default judgment in this action against Alice Royder for the amount of plaintiffs' compensation did not waive plaintiffs' right to the enforcement

of their lien against this defendant. Whatever may be
the rule in other states, it is well settled
in this state that after judgment against
the client the attorney may still enforce
his lien as against the adverse party. *Smith v.*
*Chicago, R. I. & P. R. Co.,* 56 Iowa, 720; *Hubbard v.*
*Ellithorpe,* 135 Iowa, 259.

2. SAME: en-
forcement
of lien.

The contention that plaintiffs should be allowed only
one-half of the amount actually paid to Miss Royder, which
was $1,300, instead of one-half the amount which it was
agreed she should receive in settlement, which
was $1,500, is without merit. Defendant
was to pay $1,500 in settlement, and did
pay that amount; the sum of $200, however, being re-
served, in making payment to Miss Royder, and placed in
the hands of a trustee, to be held until Miss Royder should
settle with her attorneys. The trustee is not a party to
this suit. Defendant is entitled, no doubt, under his
arrangement with the trustee and Miss Royder, to have
this $200 applied in satisfaction of the judgment re-
covered against him; but, so far as his liability is con-
cerned, he must pay plaintiffs on the basis of the settle-
ment. If we should reduce the judgment against him to
$650, plaintiffs would have no means of enforcing the
payment to them of their proper portion of the remain-
ing $200 now in the hands of the trustee without an in-
dependent suit; and they are under no obligation to assume
any such burden. The agreed settlement between defendant
and Miss Royder was for $1,500; and that amount was
paid by defendant in disregard of the lien of plaintiffs.
There was no error, therefore, in the amount of the re-
covery and the judgment is *affirmed.*

3. SAME:
amount of
recovery.