## Wladyslaw Czecziotka v. Hammond Glue Company et al. On Appeal of Hammond Glue Company, Appellant, v. Frank Comerford and Seymour N. Cohen, Appellees.

### Gen. No. 18,886.

1. Attorney and client, § 146*—*when attorney entitled to lien on settlement with client.* Where under a contract of employment with attorneys the client agreed "to allow them to retain out of any amounts collected for me on account of such claim one-half

of whatever sums shall be received," and the client without the knowledge of his attorneys settled his claim, the attorneys are entitled to a lien against the person so settling with the client under Hurd's R. S. ch. 82, J. & A. ¶ 611, for only half the amount so paid to the client, and a judgment allowing them an amount equal to the amount so paid is erroneous. *Sutton v. Chicago Rys. Co.*, 258 Ill. 551, *distinguished.*

2. ATTORNEY AND CLIENT, § 120*—*when contract not invalid because of invalidity of clause.* A contract between attorney and client containing a clause forbidding the client to settle without the attorney's consent is not invalid in its entirety because of the invalidity of such clause, same being severable.

3. ATTORNEY AND CLIENT, § 150*—*when party cannot complain that judgment was not rendered against codefendant in proceeding to enforce lien.* In a proceeding to enforce an attorneys' lien under Hurd's R. S. ch. 82, J. & A. ¶ 611, arising out of a contract under which the attorneys were to receive half the amount recovered in a suit against three defendants, one of whom, without the knowledge of its codefendants or the plaintiff's attorneys, settled with the plaintiff, such defendant cannot complain that judgment should have been rendered against its codefendants also, on the ground that they accepted the benefits of the voluntary act of such defendant and paid their proportionate share of the settlement on learning of same.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and judgment here. Opinion filed March 30, 1914.

JOHN CLARK BAKER, for appellant Hammond Glue Company.

COMERFORD & COHEN, *pro se.*

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a claim for attorneys' lien, under the statute creating such a lien, chapter 82, Hurd's Rev. St. 1911 (J. & A. ¶ 611).

By the contract of employment of the attorneys the client agreed "to allow them to retain out of any amounts collected for me on account of such claim one-

half (½) of whatever sums shall be received.'' In the absence of his attorneys and without their knowledge the client settled his claim for three hundred dollars, which amount he received. Upon filing their petition claiming a lien under their contract, and after hearing by the court, the attorneys had judgment against the appellant, Hammond Glue Company, for three hundred dollars.

It is urged that this amount is too large; that under their contract of employment the attorneys were to be paid only one-half of whatever the plaintiff might receive, and as he received only three hundred dollars the attorneys are entitled to only one-half of this amount, or one hundred and fifty dollars. We think this contention is correct and that the attorneys are entitled not to three hundred dollars but to one hundred and fifty dollars. We do not consider the decision in *Sutton v. Chicago Rys. Co.,* 258 Ill. 551, as applicable to this case. In the *Sutton* case the defendant in making the settlement with the plaintiff-client agreed as part of that settlement to pay the attorney of the plaintiff whatever he might be entitled to under his contract with the plaintiff. That contract was for one-half of any amount received from the defendant, and it was held that the amount of the settlement was the sum paid the plaintiff plus an equal amount to be paid by the defendant to the attorney. This was the holding under similar facts in *Crosby & Fordyce v. Hatch,* 155 Iowa 312, and *Whitecotton v. St. Louis & H. Ry. Co.,* 250 Mo. 624. However, in the case before us there was no agreement by appellant to pay plaintiff's attorney. The amount of the settlement was three hundred dollars, and this amount was received by the plaintiff, and upon this the attorneys had a lien for one-half by virtue of their contract with their client. If the client performed his agreement he would pay the attorneys one hundred and fifty dollars, and their lien would be satisfied. This the client failed to do, whereupon the appellant, having paid the plaintiff with no-

tice of the attorneys' claim and under peril of plaintiff's possible default, became impressed by the statute with the liability of plaintiff to his attorneys, but obviously for no larger amount.

In the opinion in *Standidge v. Chicago Rys. Co.,* 254 Ill. 524, upholding the constitutionality of the Attorneys' Lien Act and discussing various questions arising thereunder, the Court said: "Under the statute a party, in settling with an attorney's client, must take into account his liability to the attorney for whatever amount of fees would accrue under his contract at the time of the settlement." At the time of the settlement in question the amount of fees accruing to the attorneys was one hundred and fifty dollars, and appellant is liable for that amount. This conclusion is in accord with *Baker v. Baker,* 258 Ill. 418, where it is said: "By serving the notice claiming a lien the attorney in effect becomes a joint claimant with his client in any judgment or decree that may be rendered or in the proceeds of any settlement that may be made by the client, and to the extent of the amount of his fee has the same interest in such proceeds, judgment or decree as his client and is entitled to his *pro rata* share thereof."

Appellant also claims that the entire contract between the attorneys and their client is void because it contains an illegal clause forbidding the client to settle without the attorneys' consent. This illegal clause is clearly severable from the remainder of the contract, and hence the legal part of the contract will stand. *Corcoran v. Lehigh & Franklin Coal Co.,* 138 Ill. 390.

The original suit was brought against the Hammond Glue Company, the appellant, the American Fertilizer Company and the Indiana Harbor Belt Railroad Company. The settlement of the case and the payment of the money to plaintiff were made by the appellant, the Hammond Glue Company. The Indiana Harbor Belt Railroad Company avers in its answer that this settlement was made without its knowledge or consent, that

it took no part in the same, had no negotiations whatever with the plaintiff or his representatives, and gave no one any authority to act for it in any settlement with plaintiff or anyone else, and had no knowledge that a settlement had been effected until several days thereafter; that on hearing of this it voluntarily paid to the representative of the Hammond Glue Company and the American Fertilizer Company one hundred dollars. The evidence seems to support these averments, and we can see no merit in appellant's contention that judgment should have been entered against the Belt Railroad Company. The fact that it received and accepted benefit from the voluntary act of appellant cannot make it liable in this proceeding.

As the error in the judgment affects only the amount, judgment will be entered here against the appellant for one hundred and fifty dollars, costs here to be paid by appellees.

*Reversed and judgment here.*