Case v. Emerson-Brantingham Co., 195 Ill. App. 209.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTION, § 295*—*how question of malice determined.* The question whether malice is the gist of an action so as to entitle a debtor who has been arrested for failure to satisfy a writ of *capias ad satisfaciendum* to a release from imprisonment upon petition under the Insolvent Debtors' Act (J. & A. ¶¶ 6198-6250 inc.), must be, determined from the face of the record when the record affords the means of such determination.

2. JUDGMENT, § 454*—*when question as to malice res adjudicata.* If it appears from the pleadings in an action that malice was the gist of the action, the doctrine of *res adjudicata* applies as to the question whether or not malice was or was not the gist of the action.

3. TROVER AND CONVERSION, § 7*—*what is gist of the action.* The gist of an action in trover is the conversion of the property.

4. TROVER AND CONVERSION, § 37*—*what proof essential.* All that need be shown in a count sounding in trover is the ownership of the property in the plaintiff, that it came into the possession of the defendant, and that the defendant converted it to his own use.

5. EXECUTION, § 294*—*when release of judgment debtor in trover proper.* A judgment debtor who has been arrested upon a *capias ad satisfaciendum* after failure to pay a judgment in an action in the Municipal Court is entitled, upon petition under the Insolvent Debtors' Act (J. & A. ¶¶ 6198-6250 inc.), to be released from custody where the statement of claim clearly shows that the action is one of trover, since malice is not the "gist" of such an action.

6. EXECUTION, § 295*—*when verdict cannot supply malice.* The verdict in an action in the Municipal Court cannot supply the element of malice or fraud unless they appear in the statement of claim either expressly or impliedly.

---

### Frederick H. Case, Plaintiff, v. Emerson-Brantingham Company, Defendant.

### Emerson-Brantingham Company, Appellant, v. George A. Donnelly, Intervening Petitioner, Appellee.
### Gen. No. 20,326.

ATTORNEY AND CLIENT, § 119*—*how amount of attorney's fee computed on settlement direct with client.* An agreement between an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

attorney and his client provided that the client would pay the attorney for his services in a certain matter a sum of money "equal to one-half of whatever amount is received as damages out of said claim." It was *held* that on a direct settlement between the parties of the claim to which the agreement related the attorney was entitled to receive from the defendant an amount equal to one-half of the amount for which the defendant had settled with the client, not an amount equal to that which the client had been paid. Following *Czecziotka v. Hammond Glue Co.*, 185 Ill. App. 559.

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the March term, 1914. Reversed and judgment here. Opinion filed December 21, 1914.

RALPH F. POTTER, for appellant.

RANKIN, HOWARD & DONNELLY, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a claim for an attorney's lien where the defendant made a settlement direct with the plaintiff, the attorney's client. Plaintiff agreed with his counsel "to pay me (the attorney) for said services a sum of money equal to one-half of whatever amount is received as damages out of said claim or cause of action." The amount which defendant paid plaintiff was $160. Defendant tendered the attorney $80, which was refused, the attorney claiming that he was entitled to $160. The trial court held with the attorney, and judgment for $160 was entered.

This court has heretofore construed a contract similar to this in the case entitled *Czecziotka v. Hammond Glue Co.*, 185 Ill. App. 559, and we are not persuaded by the able argument of counsel either that that decision was erroneous or that this case can be distinguished from that. Applying what we there said to the facts now before us, if the plaintiff, Case, after receiving $160 from defendant had offered to pay his attorney the amount he had agreed to pay him, namely, "one-half of whatever amount is received," clearly the attorney would not be entitled to more than $80 from

his client. How then can it be said that should Case fail to pay his attorney this amount, the defendant, who, under the statute, thereupon became burdened with Case's promise, is obligated for double this amount? That this cannot be so seems to us self-evident. The amount of the liability of defendant in this case is determined by the amount of the liability of the plaintiff to his attorney.

We hold that the judgment was erroneous, but as the error in the judgment affects only the amount, judgment will be entered here against appellant for $80, costs here to be paid by appellee.

*Reversed and judgment here.*