M. L. BECKWITH et al., Appellees, v. CORN BELT LAND & LOAN
COMPANY, Appellant.

ATTORNEY AND CLIENT: Lien for Attorney Fees—Attempt to
Defeat—"Money Due." An attorney has a lien upon "any
money due his client in the hands of the adverse party" and
growing out of the action, from the time of giving notice to the
adverse party. Such adverse party cannot defeat this lien
by satisfying the money demand through a conveyance of real
property to the client of the attorney instead of paying the
client in "money." (Sec. 321, Code.)

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

· TUESDAY, MARCH 23, 1915.

ACTION to recover attorney's fees resulted in judgment
against defendant, from which it appeals.—*Affirmed.*

*A. F. Brown,* for appellant.

*Franklin & Miller,* for appellees.

LADD, J.—It appears that Elizabeth Mathews owned a
residence at 1533 Vine Street in Des Moines and defendant,
a quarter section of land in Lincoln County, Nebraska. They
exchanged, the company conveying to her the land and paying
to her $300.00 and she deeding to defendant the house and
lot and executing to it a promissory note for $1,500.00 and
securing payment thereof by giving a mortgage back on the
land. Thereafter, Mrs. Mathews, who had never seen the
land, employed plaintiffs to institute suit against defendant
for damages she claimed to have suffered in said exchange
and in pursuance of such employment they filed a petition
alleging that defendant had fraudulently deceived her and
thereby induced her to make such exchange to her damage in
the sum of $——— and caused original notice to be served
on defendant. Sometime later, notice that plaintiffs claimed

a lien for their attorneys' fees on the amount owing by defendant was served on it and in the following year, the case was settled, out of court, and dismissed. This was done without the knowledge of plaintiffs and in pursuance of an agreement whereby Mrs. Mathews undertook to convey back the Nebraska land subject to the $1,500.00 mortgage, pay $300.00 at the rate of $4.00 a month with interest and dismiss the suit, when defendant should convey back to her the house and lot in Des Moines. Conveyances were made as agreed, save that at Mrs. Mathews' request, the house and lot were deeded to one Johnson, her former husband, and he executed a mortgage thereon securing payment of the $300.00 which she was to pay and for which he gave his note. The object of this action is to enforce plaintiffs' lien, if any they ever had, and it is their contention that, notwithstanding the nature of the adjustment by the parties to the original suit, they are entitled to judgment against defendant for the reasonable value of the services by them rendered. The evidence disclosed that the residence property was worth from $500.00 to $700.00 and the land $1,600.00. In exchanging, Mrs. Mathews received property of the value of $100.00 above the incumbrance she executed and the $300.00 in cash and conveyed property valued at from $500.00 to $700.00. If then she had succeeded in establishing the allegations of her petition, she must have recovered at least the difference, or from $100.00 to $300.00, and in settling by trading back, she received this much in value. Sec. 321 of the Code provides that "An attorney has a lien for a general balance of compensation upon  .  .  .

"3. Money due his client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services;"

1. ATTORNEY AND CLIENT: lien for attorney fees: attempt to defeat: "money due."

"The money in the hands of the adverse party is such as shall be found to be due in the action or proceeding." *Tiffany v. Stewart*, 60 Iowa 207. And where money is paid through settlement or compromise of the suit, this is treated as "money due" in establishing the lien.

Had defendant paid Mrs. Mathews money instead of property, in settlement, the right of plaintiffs to establish their lien could not be questioned. *Crosby & Fordyce v. Hatch*, 155 Iowa 312. *Cheshire v. Des Moines City Ry. Co.*, 153 Iowa 88; *Smith v. Ry.*, 56 Iowa 720.

The contention of counsel for appellant is that as it conveyed property to her, such lien will not be established. We are not inclined to that view. Had the cause been prosecuted to judgment, recovery, if any, must have been in money and plaintiffs would have been entitled to a lien thereon for the value of their services. Such a prosecution of the action was obviated by the settlement or compromise, and this was because of the injury alleged and in a sense in satisfaction of damages, if any, which may have flowed therefrom. *Cheshire v. Des Moines City Ry., supra.*

The compromise was of the claim of money due regardless of how settled and it was on money due the lien attached. Instead of paying the money alleged to be due, defendant conveyed property of value as stated and we are of opinion that the lien may not be defeated by substituting property in place of money in satisfaction of such a claim. The design of the statute giving an attorney a lien on money due his client from the adverse party is to protect him in the collection, out of the proceeds of the litigation, of the value of services rendered; and for this reason, it may not be defeated by a secret compromise of the parties to the suit and may be established as against anything of value derived thereby on a claim for money due and traceable as a consequence of such services. The payment of money or property in settlement is in satisfaction of the claim for money due and to which the lien

attached and to the extent of the value thereof it will be enforced.—*Affirmed*.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.